■　THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CRUZ, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered January 20, 1976, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal also brings up for review the denial of defendant's motions to disqualify the prosecutor and for a mistrial. Case remitted to the County Court for a hearing in accordance herewith, and appeal held in abeyance in the interim. At defendant's arraignment on June 12, 1975, the Orange County Legal Aid Society was assigned to defend him. It appears that thereafter Norman Shapiro, then chief attorney of the society, resigned his post and was appointed District Attorney of Orange County (see *Matter of Fox v Shapiro,* 84 Misc 2d 223). At the commencement of the trial, the defense moved to disqualify the prosecutor and for a mistrial. It appeared, in colloquy, that Mr. Shapiro did not disqualify himself in this case, but that he took steps to isolate himself from the prosecution of all pending cases. Defense counsel stated that he did not know what specific knowledge, if any, Mr. Shapiro had with reference to the case which would prejudice the defendant; the trial court denied the motions on the ground that there had been no showing of prejudice. The defendant is entitled to a new trial if, and only if,

he has been demonstrably prejudiced by the District Attorney's prior affiliation (see *People v Loewinger,* 37 AD2d 675, affd 30 NY2d 587; see, also, *Glasser v United States,* 315 US 60, 76–77; *United States v Mari,* 526 F2d 117; *People v Wilkins,* 28 NY2d 53; *People v Gonzalez,* 30 NY2d 28, cert den 409 US 859; *Magjuka v Greenberger,* 46 AD2d 867). We are unable to determine on this record whether the defendant suffered actual prejudice. A hearing is therefore required, with the opportunity for cross-examination, as to what steps Mr. Shapiro took to isolate himself and what information, if any, he had with respect to this case, and whether he transmitted such information to anyone else (cf. *Porter v United States,* 298 F2d 461). Cohalan, Acting P. J., Margett, Damiani and Mollen, JJ., concur.