■ GEORGE SASSOWER, Appellant, v SAMUEL SCHACTER et al., Respondents.—Appeal from an order of the Supreme Court, Westchester County, dated October 18, 1976, dismissed as academic. That order was superseded by the order dated December 8, 1976, made upon reargument. Judgment of the same court, entered October 26, 1976, affirmed, and order of the same court, dated December 8, 1976, affirmed insofar as reviewed. No opinion. Defendants are awarded one bill of $50 costs and disbursements to cover all appeals. Hopkins, J. P., Latham, Shapiro and Mollen, JJ., concur.

■ SIDNEY SHERWIN, Respondent, v WILLIAM CRAMER, Appellant.—In an action brought by the plaintiff to recover counsel fees for legal services in connection with the institution of legal action on behalf of a wife against the defendant, her former husband, defendant appeals from a resettled order of the Supreme Court, Queens County, dated February 2, 1977, which, *inter alia,* (1) granted plaintiff's motion for summary judgment, (2) denied defendant's cross motion (a) for leave to serve an amended answer to include a counterclaim and (b) to preclude plaintiff from offering evidence as to the items sought in defendant's demand for a bill of particulars and (3) directed a hearing to assess damages. Resettled order modified by (1) deleting therefrom the first decretal provision thereof granting plaintiff's motion for summary judgment and substituting therefor a provision denying the said motion, (2) deleting the third, fourth and fifth decretal provisions thereof and (3) adding to the second decretal provision thereof, after the words "cross motion is denied," the following: "except that the branch of the cross motion which seeks an order of preclusion is conditionally granted". As so modified, resettled order affirmed, without costs or disbursements. The branch of defendant's cross motion which seeks an order of preclusion is granted unless plaintiff serves upon defendant a bill of particulars, as demanded, within 20 days after service upon plaintiff of a copy of the order to be entered hereon, together with notice thereof. The nature and extent of the attorney's services, their chargeability to the defendant and their fair and reasonable value are all questions which can only be determined at trial. It also appears that the proposed counterclaim is time-barred. Cohalan, J. P., Margett, Damiani and Shapiro, JJ., concur.

■ JOAN P. SNYDER, Petitioner, v JAMES MELTON, as Commissioner of the Department of Motor Vehicles of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Motor Vehicles, which, after a hearing, revoked petitioner's motor vehicle operator's license based upon her refusal to submit to a chemical test to determine the alcoholic content of her blood. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The determination to revoke petitioner's motor vehicle operator's license was made upon substantial evidence adduced at the hearing. The penalty of revocation of the license was mandatory once the finding had been made, *inter alia,* that petitioner had refused to comply with the arresting police officer's request that she consent to a chemical test after having been sufficiently warned, in clear and unequivocal language prior to her refusal, that "such refusal to submit to such chemical test may result in the revocation" of her license (see Vehicle and Traffic Law, § 1194, subd 2). Rabin, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.