■ In the Matter of GEORGE UMBERG, Petitioner, v VINCENT TOFANY, as Commissioner of Motor Vehicles, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, which, after a hearing, revoked petitioner's motor vehicle operator's license. Determination confirmed, with $50 costs and disbursements, and proceeding dismissed on the merits. The arresting officer testified that the petitioner's breath smelled of alcohol, his clothes were in disarray and he staggered. Petitioner's contention that he was not warned of the consequences of his refusal to submit to a chemical sobriety test was an issue of fact and credibility determined at the revocation hearing. The refusal by petitioner to submit to the test was violative of subdivision 2 of section 1194 of the Vehicle and Traffic Law and furnished grounds for revocation of the license (see Matter of Babcock v Melton, 57 AD2d 554; Snyder v Melton, 60 AD2d 575). Latham, J. P., Damiani, Cohalan and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CRUZ, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered January 20, 1976, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal also brings up for review the denial of defendant's motions to disqualify the prosecutor and for a mistrial. By order dated January 17, 1977 this court remanded the case to the County Court for a hearing to afford the defendant the opportunity to demonstrate that he had been prejudiced by the District Attorney's prior affiliation with the Orange County Legal Aid Society. The appeal was held in abeyance in the interim (People v Cruz, 55 AD2d 921). The County Court has complied and rendered a report in accordance therewith. Judgment, as to the sentence, modified, as a matter of discretion in the interest of justice, by reducing the minimum term of the sentence of imprisonment to three years. As so modified, judgment affirmed. It was established through evidence adduced at the hearing that the investigation by Trooper Joseph Claudio, the undercover agent, was completed before the defendant was indicted. The record indicates that Norman Shapiro, as Chief Attorney for the Legal Aid Society, represented appellant at the bail hearing. Mr. Shapiro testified that he did not recognize the appellant and did not recall whether he had any personal contact with him, but it had been his practice to read every file in the office. He had no other contact with the defendant's case. After his appointment as District Attorney, he immediately and effectively isolated himself from the prosecution of all pending cases in which the defendants were represented by the Legal Aid Society. He denied disclosing any information which may have come into his possession or to his knowledge as a result of his representation of the defendant. Defendant adduced no proof to the contrary. Mr. Shapiro stated that if he had known of any exculpatory material he would have discussed it with defense counsel. However, he could not recall any such actual incident. He admitted that, prior to the defendant's trial, he prepared an ongoing investigation involving Trooper Claudio in an unrelated case. The defendant has not been demonstrably prejudiced by Mr. Shapiro's prior affiliation. Accordingly, the conviction should be affirmed. However, the sentence was excessive to the extent indicated herein. Mollen, P. J., Damiani, Cohalan and Margett, JJ., concur.