■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK JOY, Appellant. — Appeal from a judgment of the County Court of Chenango County, rendered October 22, 1979, convicting defendant upon his plea of guilty of the crime of possession of a forged instrument in the second degree. On January 3, 1978, defendant was indicted for criminal possession of a forged instrument in the second degree and criminal possession of a forged instrument in the third degree. Prior to trial, defendant left the State and was not apprehended until July, 1979. In the interim, he was indicted for bail jumping in the first degree. On his return to this State, the court appointed an attorney to represent him. Thereafter, defendant entered a plea of guilty to the first count in the January 3, 1978 indictment. The second count of that indictment and the indictment

charging bail jumping were dismissed. Subsequently, the court refused to permit defendant to withdraw his guilty plea. Pursuant to a plea bargain agreement, defendant, as a second felony offender, received the minimum sentence of two to four years. On this appeal, defendant urges reversal on two grounds. He contends that there was a conflict of interest between him and the Assistant District Attorney who prosecuted the case. He also contends that he was inadequatly represented by assigned counsel. The basis of defendant's first contention is that prior to the instant indictment both the District Attorney and one of his assistants had represented defendant in prior criminal matters. The assistant represented him in the matter resulting in a conviction that formed the basis of defendant being sentenced as a second felony offender. He is not the assistant who prosecuted the present indictment. We are of the opinion that the circumstances do not require a reversal (cf. *People v Shinkle,* 73 AD2d 764; *People v Washington,* 52 AD2d 984). Initially, we note that no motion was made to disqualify the assistant nor was there any contention made prior to this appeal that there was a conflict of interest. Neither of the matters in which the District Attorney or his assistant represented defendant have any connection with the present indictment. Furthermore, the defendant has failed to establish any prejudice to his case (cf. *People v Cruz,* 60 AD2d 872). The cases he relies upon are clearly distinguishable. We also reject defendant's contention that he was inadequately represented by counsel. The record clearly demonstrates that defendant understood the charges he was facing and knowingly entered his guilty plea after a plea bargain agreement. He received the minimum sentence as a second felony offender and the second count for possession of a forged instrument together with the bail jumping indictment were dismissed. Considering the record in its entirety, the court properly denied the motion to permit defendant to withdraw his plea of guilty and the judgment should be affirmed. Judgment affirmed. Sweeney, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.