## (December 27, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DUNLOP SHINKLE, Appellant.—Appeal from a judgment of the County Court of Sullivan County, rendered July 31, 1978, upon a verdict convicting defendant of the crimes of rape in the first degree, petit larceny, unauthorized use *of a motor vehicle and assault in the third degree.* As a result of an incident which occurred at approximately 2:00 A.M. on March 8, 1978 in the Town of Liberty, Sullivan County, wherein, *inter alia,* one Dorothy Gallegos was forcibly raped and $2 in currency was taken from her and one Darlene Carlson was struck and choked and her automobile was taken without her permission, defendant was convicted, following a jury trial, of the crimes of rape in the first degree, petit larceny, assault in the third degree and unauthorized use of a vehicle. He was thereupon sentenced, as a second felony offender, to concurrent terms of 12 ½ to 25 years on the rape conviction and one year on each of the other three convictions, and the present appeal ensued. Seeking a reversal of his convictions, defendant initially argues that it was reversible error for the District Attorney of Sullivan County and his staff to prosecute this case because Edward Leopold, the Chief Assistant District Attorney, had formerly represented defendant in the beginning stages of this criminal proceeding as Executive Director of the Legal Aid Society of Sullivan County. We disagree. While it is true that Leopold was actively involved as associate counsel for the defense in the early stages of this case and that he interviewed defendant

and aided in the formulation of his insanity defense, it is likewise clear that once Leopold assumed his position in the prosecutor's office he took immediate affirmative steps to avoid any prejudice to defendant and any appearance of impropriety which might have resulted from his becoming Chief Assistant District Attorney. Not only did he have "conflict" stickers placed on all cases involving the Legal Aid Society which were pending in the District Attorney's office, but the staff of the office was ordered to refrain from discussing these cases with him and to deny him access to the files of such cases. Moreover, there is no evidence that Leopold ever disclosed to the prosecution any evidence or information which he gained as a result of his representation of the defendant or that the precautionary measures taken were otherwise ineffective to defendant's detriment. Under these circumstances, Leopold effectively isolated himself from defendant's case, and there has been no showing that defendant was prejudiced in any way by Leopold's association with the District Attorney's office. Accordingly, that office could properly prosecute this case and the appointment of a Special Prosecutor therefor was unnecessary (People v De Freese, 71 AD2d 689; People v Cruz, 60 AD2d 872). Defendant's remaining contentions are likewise without merit. The court plainly did not abuse its discretion in sentencing defendant, and no extraordinary circumstances have been presented which would warrant our disturbance of the terms imposed, which were permissible under law (cf. People v Halvorsen, 60 AD2d 927; People v Caputo, 13 AD2d 861). Similarly, a reversal of the challenged convictions is not justified by any of the prosecutor's remarks in his summation, particularly when those remarks are considered in the context of overwhelming guilt presented here (cf. People v Patno, 55 AD2d 965). Judgment affirmed. Mahoney, P. J., Greenblott and Main, JJ., concur.

Kane and Mikoll, JJ., dissent and vote to reverse in the following memorandum by Kane, J. Kane J. (dissenting). We are in accord with the statement of the majority that this record contains overwhelming proof of defendant's guilt beyond a reasonable doubt. Nevertheless, the serious ethical questions developed in the course of these proceedings are so pervasive that we conclude a reversal is mandated. Lepold's contacts with the defendant were significant and extensive. Before his appointment as Chief Assistant District Attorney, he had worked closely with defendant's trial counsel while serving as the Executive Director and Attorney-in-Chief of the Sullivan County Legal Aid Society. He interviewed the defendant a number of times over a nine-month period, acquired an intimate knowledge of all the facts, and was most instrumental in the preparation of defendant's insanity defense. We cannot subscribe to the view that the burden of showing any prejudice rests with the defendant. Just how he would go about demonstrating actual prejudice escapes us. Moreover, even if the measures adopted by the prosecution to insulate itself from Leopold's prior involvement were of proven effectiveness in practice, defendant is entitled to a new trial. The ethical considerations and the appropriate requirements for the resolution of conflicting interests are ably set forth in the dissenting opinion of Mr. Justice Hopkins in People v De Freese (71 AD2d 689). We find them to be compelling and believe that they should control the outcome of this similar case. Accordingly, we would reverse as a matter of law and grant a new trial with a Special Prosecutor.