■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN R. SCHISKIE, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered July 12, 1979, convicting defendant upon his plea of guilty of criminal possession of stolen property in the first degree. At all stages of proceedings in the trial court, defendant was represented by the Albany County Public Defender as assigned counsel. The only issue of substance raised on this appeal is a claim that he was denied effective legal assistance because the head of that office, Douglas P. Rutnik, is the brother of Christopher P. Rutnik, the Albany County Assistant District Attorney who signed the indictment and appeared on behalf of the prosecution at his arraignment. We reject this contention and affirm the judgment. A broad range of social, personal or professional relationships might exist between attorneys who represent opposing parties or interests. Some, such as marriage, might fairly be regarded as presenting a conflict of interest (cf. New York State Bar Assn. Committee on Professional Ethics, Opn No. 409 [Aug., 1975]), while others, such as membership in the same national organization, are so tenuous in nature or degree that not even the appearance of impropriety could be detected. Here nothing beyond the mere fact of kinship was adduced, and there is nothing to suggest that confidential information might or did flow between them (cf. *People v Wilkins,* 28 NY2d 53, 56). Defendant was actually represented by two Assistant Public Defenders, James E. Banagan at the time of arraignment and Joseph C. Teresi during the balance of the proceedings. There is no indication or allegation that Douglas P. Rutnik received information about defendant from either of them or became personally involved in his defense. The imputation of such knowledge within the defense group is a dubious proposition (see *People v Wilkins, supra),* and it would be purely speculative to further assume that any material whatever reached the prosecution from a source connected with the defendant's legal advisors. No example of ineffective assistance is

cited by defendant and none appears in the record. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.