OPINION OF THE COURT
Edward M. O’Gorman, J.
This is an application by Dennis McCormick, chief attorney for the Legal Aid Society of Orange County, Inc., as the assigned counsel for the above-named defendant, John Manzo, for an order prohibiting Edward J. Meyer, as the District Attorney of Orange County, or any of his assistants, from prosecuting the said John Manzo on the ground that the said Edward J. Meyer had heretofore been associated in the practice of law with one Sheldon Diesenhouse of the Legal Aid Society of Orange County, Inc., at the time of an arraignment at which the said Sheldon Diesenhouse represented the said John Manzo on behalf of the said Legal Aid Society.
A somewhat similar situation arose in Orange County in 1975 (Matter of Fox v Shapiro, 84 Misc 2d 223). The chief attorney of the Legal Aid Society sought an order of this *45 court prohibiting the District Attorney and his assistants from continuing the prosecution of criminal defendants who had been represented by the Legal Aid Society while the District Attorney was chief attorney of that society. The District Attorney at that time had taken elaborate precautions to insulate himself from any further contact with the files in the cases of the defendants involved. That case did not involve a claim that the District Attorney who was participating in the prosecution had had any prior contact with the Legal Aid defendants. For reasons set forth hereinafter, the application for the order of prohibition was denied.
Subsequent to this determination, the cases were passed upon by the County Judge as they were reached for trial. Many of these cases, including People v Cruz (55 AD2d 921, 60 AD2d 872) and People v De Freese (71 AD2d 689), reached the Appellate Division. In both of those cases the Appellate Division sustained the procedure adopted in Fox (supra) and sustained the determination of the County Court Judge that there was no prejudice to the defendant involved in the particular case by reason of the District Attorney’s prior status.
Most recently, the general question involved has reached the Court of Appeals in People v Shinkle (51 NY2d 417), decided December 18,1980. This case reached the Court of Appeals after the defendant Shinkle had been tried and convicted. The defendant Shinkle’s original application to restrain the District Attorney’s office from prosecuting the case had been denied without prejudice to the right to apply to the Trial Judge for similar relief. His application to the Trial Judge was also denied. The Court of Appeals reversed the Appellate Division (73 AD2d 764), which had sustained the conviction, stating that the conviction must be vacated where the executive director of the Legal Aid Society had represented the defendant in the beginning stages of the criminal action against him and later joined the District Attorney’s office and remained there during the course of the prosecution of the action, notwithstanding scrupulous efforts to insulate the prosecutor from the defendant’s case.
*46 In view of the foregoing, this court must now determine the proper course to follow in these circumstances. It has long been a settled principle of law that except under unusual circumstances, a court of equity will not interfere by injunction to prevent the prosecuting authorities from bringing a criminal prosecution (see 1 Wharton, Criminal Procedure [12th ed], § 28). Furthermore, in this case and in the cases of each of the other defendants similarly situated, the accused has an adequate remedy at law in that he may interpose his contentions herein in the criminal prosecution itself. The function of this court as a court of equity is to supplement and not usurp the functions and duties of the County Court Judges who are vested with jurisdiction over these criminal cases.
Unless, therefore, the continued prosecution of these cases is clearly improper and will result in irreparable injury to the defendants, this court must decline to intervene.
The Court of Appeals has not as yet declared that their decision in Shinkle (in which Chief Judge Cooke and Judge Jasen dissented) is necessarily applicable to every situation involving a change of office similar to the change involved in this case. It should be noted that the majority opinion in Shinkle (supra) cites with approval the dissenting opinion of Justice Hopkins in De Freese (supra). In that opinion, Justice Hopkins has distinguished the factual situation in De Freese from the situation which existed in Cruz (supra) in the following language: “In this case the conflict arises not from the representation by a single attorney of conflicting interests of several codefendants in a criminal case, but from the conflicting interest necessarily arising from the prior representation of the defendant by the prosecutor as the defendant’s attorney in the same criminal case. People v Cruz (55 AD2d 921; 60 AD2d 872) is distinguishable. There, there was no showing that Mr. Shapiro had any contact with the defendant while he was Chief Attorney of the Legal Aid Society, except to represent him on a bail application. Clearly, in this case, Mr. Shapiro’s representation of the defendant upon defendant’s arraignment required full knowledge of defendant’s *47 defense in order for him to represent the defendant properly at the arraignment.” (People v De Freese, 71 AD2d 689, 690, supra.)
It is clear that the District Attorney Leopold in Shinkle (51 NY2d 417, 419) was formerly the director of the Legal Aid Society in Sullivan County and had, in the language of the opinion, become “actively involved as advisor” to the defendant’s individual counsel, had interviewed the defendant “extensively,” and was “intimately familiar with the contents of his file, and assisted in the formulation of defense strategy.”
The documentary proof indicates that none of these circumstances existed in the present case, nor in Matter of Fox v Shapiro (84 Misc 2d 223, supra). In this case, the present District Attorney, Meyer, was not a former Legal Aid director. His only connection with the Legal Aid Society was his association in a law firm with a part-time attorney for the Legal Aid Society while that Society represented the defendant. This part-time activity was not part of the firm’s business, nor did any other member of the firm participate in such activity in any way. The present District Attorney never represented the defendant in this case directly or indirectly, and never interrogated him or had any contacts with him and has never acquired any knowledge with respect to defendant’s case.
Unless and until the Court of Appeals declares otherwise, the issue presented herein, including whether the District Attorney in this case has followed appropriate procedures to isolate himself from the prosecution of this defendant and others similarly situated, should properly be left to the sound judgment of the County Court Judge after he conducts a factual inquiry into the details of the particular case.
The application for an order of prohibition will be denied without prejudice to the submission of the defendant’s contentions to the Trial Judge.