In the Matter of ROBERT M. MORGENTHAU, as District Attorney of New York County, Petitioner, v STEPHEN G. CRANE, as an Acting Justice of the Supreme Court, New York County, et al., Respondents.

First Department, November 14, 1985

### APPEARANCES OF COUNSEL

*Mark Dwyer* of counsel (*Arthur G. Weinstein,* attorney), for petitioner.

*Jeffrey I. Slonim* of counsel (*Robert Abrams, Attorney-General,* attorney), for Justice Stephen G. Crane, respondent.

### OPINION OF THE COURT

Per Curiam.

The underlying criminal case herein arises out of a traffic accident which occurred on March 2, 1984 as a result of which the defendant, James Nuzzi, was arrested and charged with driving while intoxicated and reckless driving. Upon arraignment, the case was routinely assigned to the Trial Bureau of the District Attorney's office that was "on intake" on that date and following arraignment the case was in regular course

directed to the Criminal Court All-Purpose (AP) Part regularly staffed by such Bureau. Coincidentally, defendant is the first cousin of an Assistant District Attorney, having the same surname, who is a member of that Trial Bureau.

Immediately after this coincidence was discovered, the case was reassigned to a different Trial Bureau in the District Attorney's office and was transferred to another AP Part. Since that time, all Assistant District Attorneys have been explicitly instructed to have no contact with defendant's cousin concerning the case and it is not disputed that every possible step has been taken by the District Attorney's office to isolate defendant's cousin from any knowledge, contact or involvement in the prosecution.

Defendant moved as part of an omnibus motion in Criminal Court to disqualify the entire office of the New York County District Attorney and appoint a Special Prosecutor pursuant to County Law § 701 on the ground of defendant's consanguinity with one of the Assistant District Attorneys. The Criminal Court (Stanley Gartenstein, J.), properly finding that the statute vests the authority to appoint a Special Prosecutor exclusively in a superior court, denied the application without prejudice to its renewal in the proper forum. While the denial was posited on this jurisdictional ground, the Criminal Court also took occasion to address the facts and merits of the application in a thoughtful opinion which led it to conclude, albeit dicta, that denial would also be warranted on the merits because of the steps taken by the District Attorney's office to avoid any prejudice or appearance of impropriety. (*People v Anonymous,* 126 Misc 2d 673, 676.)

■ Defendant thereafter brought the instant motion in the Supreme Court seeking the same relief. That court granted the application to disqualify the New York County District Attorney's office and appointed a Special Prosecutor. The basis of the court's holding was its conclusion that the fact of a proximate blood relationship (in this case of the fourth degree) between a defendant and one of any number of Assistant District Attorneys, without more, mandates a per se disqualification of the entire prosecutor's office and requires the appointment of a Special Prosecutor. In this age of the nuclear family, we cannot agree with the conclusion reached below that such relationship, in and of itself and without any further showing, is "inherently prejudicial", particularly under circumstances such as those here present where the cousin is one of approximately 270 Assistant District Attor-

neys and has at no time had any contact with the case. (*Cf. People v Schiskie,* 76 AD2d 1017.) Conjectural speculations, without any factual foundation, as to supposed "family intimacies and confidences" or defendant's possible "reputation among his relatives" somehow being used against him, are not a sufficient predicate from which to conclude either the existence of prejudice or the reasonable potential for prejudice.

While there is no precedent precisely on point, the efforts to analogize this situation to those in the cases relied upon by the court below are misplaced. The present fact pattern is in no way akin to that in *People v Shinkle* (51 NY2d 417) where the attorney who initially represented defendant and participated in the preparation of his defense subsequently became chief assistant in the office of the prosecutor during the months preceding and during defendant's trial. Clearly, where one who has actively served as the attorney for a defendant joins the prosecutor's office while the very case in which he previously represented defendant is still being prosecuted, there is an inherent impropriety and opportunity for abuse of confidences previously entrusted which strike at the very heart of the right of defendants "to both the fact and appearance of unswerving and exclusive loyalty on the part of attorneys who represent them." (*People v Shinkle, supra,* at p 421.) No similar inference of impropriety can be said to spring from the mere fact that one's first cousin is coincidentally employed as an Assistant District Attorney in the prosecutor's office at the time that defendant is charged with a crime in the absence of some showing, here wholly lacking, of a particularly close or confidential relationship between the two involving information that could in some way be used to prejudice defendant's case.

In dealing with the issue of attorney disqualification, particularly in criminal cases, a predominating concern has been whether privileged or confidential information has been communicated by the defendant in the course of a prior professional relationship from which the risk of prejudice or the potential for abuse exists at the time the disqualification is sought. (*See, e.g., People v Jackson,* 60 NY2d 848; *People v Manzo,* 99 AD2d 817; *People v De Freese,* 71 AD2d 689.)

While the court below demonstrates a most sincere and commendable concern with the "appearance of impropriety", a concern which this court shares, we cannot agree that the mere fact that defendant's first cousin is one of the many assistants in a highly respected prosecutor's office, without

something more, projects such an appearance, nor do we adopt its conclusion that the mere appearance of impropriety categorically mandates disqualification. The Court of Appeals has characterized the circumstances in which a court may consider whether counsel should be removed from a particular case as a "narrow area". It has cautioned that: "The courts, as a general rule, should remove a public prosecutor only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence (*e.g., People v Zimmer,* 51 NY2d 390, *supra; People v Shinkle,* 51 NY2d 417, 421) and the appearance of impropriety, standing alone, might not be grounds for disqualification. The objector should demonstrate actual prejudice or so substantial a risk thereof as could not be ignored." (*Matter of Schumer v Holtzman,* 60 NY2d 46, 55.)

In the instant case, defendant has demonstrated no actual prejudice nor any confidential relationship, professional or otherwise, with his cousin which might give rise to some conflict of interest. Here, nothing more than the mere fact of fourth degree kinship has been shown. There is no indication that the cousin ever served as defendant's attorney or that he is in possession of any privileged information that might be used to defendant's disadvantage or from which an abuse of confidence might stem. Moreover, even if the cousin were assumed to have some personal knowledge of defendant by virtue of the family relationship, there is no evidence that information concerning a defendant generally flows freely within the large staff of the office of the District Attorney (*see, People v Wilkins,* 28 NY2d 53), and, in this case that possibility vis-à-vis defendant's cousin has been expressly negated by the stringent steps taken to isolate him from the case in all respects.

■ ■ Under these circumstances, we find that the Supreme Court erred in disqualifying the New York County District Attorney from prosecuting the case against defendant in the Criminal Court and improperly appointed a Special Prosecutor. Notwithstanding his counsel's apparent disagreement, we find that the Justice below properly concluded that a CPLR article 78 proceeding in the nature of prohibition, such as is before us, is the appropriate remedy to review his improper appointment of the Special Prosecutor. (*Matter of Schumer v Holtzman, supra,* at p 54; *People v Rediker,* 97 AD2d 928.)

Accordingly, the petition brought pursuant to CPLR article

78 in the nature of a writ of prohibition, dated July 3, 1985, is granted, without costs, the order of the Supreme Court, New York County (Stephen G. Crane, J.), dated May 21, 1985 is vacated, and the appointment of Frank Brenner as Special Prosecutor under County Law § 701 to try James Nuzzi is set aside.

MURPHY, P. J., SANDLER, ASCH, BLOOM and ELLERIN, JJ., concur.

Application for a writ of prohibition granted, the order of the Supreme Court, New York County, dated May 21, 1985, is vacated, and the appointment of Frank Brenner as Special Prosecutor under County Law § 701 to try James Nuzzi is set aside, without costs and without disbursements.