*70 OPINION OF THE COURT
Louis B. York, J.
Defendants Leola and Stanley Wyatt were involved in an alleged altercation with defendants Maxine Brooks and Yvonne Patterson. Both parties were each assigned a different Assistant District Attorney (ADA) from the same trial bureau. On September 15, 1987, the complaints brought by the Wyatts against Brooks/Patterson were dismissed pursuant to a motion made by the ADA assigned to prosecute the complaints of Brooks/Patterson against the Wyatts.
By decision and order dated March 23, 1988 (York, J.), the Bronx District Attorney’s office was disqualified from prosecuting any of the above-named defendants, due to the conflict of interest resulting in actual prejudice to the Wyatt defendants when the District Attorney’s office moved to dismiss charges against the cross complainants Brooks/Patterson. I vacated my previous order of dismissal of the Wyatts’ complaint against Brooks/Patterson and ordered the complaints restored to the calendar. I held that the dismissal constituted an actual conflict of interest in addition to the inherent conflict of interest arising out of the District Attorney prosecuting both parties for a crime while their acts were at odds with each other; and the matter was referred to the Supreme Court for appointment of a Special Prosecutor. The Bronx District Attorney, by affirmation dated May 9, 1988, now moves for reargument.
The People in their motion assert that "[t]he Bronx District Attorney was never afforded an opportunity to address the 'conflict of interest’ rationale underpinning this court’s decision, sua sponte, to grant the above relief.” In reviewing all the papers involved in the prior motion I can reach no other conclusion except that the People were given ample opportunity to address this issue. The Wyatt attorney’s affidavit dated November 10, 1987 very clearly indicates that one of the grounds for the relief requested arose out of a conflict of interest involving the District Attorney’s office. It is stated at paragraphs 7, 8, and 9, the following:
"7. That again, without belaboring the point I wish to emphasize the blatant conflict of interest on the part of a.d.a. james M. Phillips esq. who is the Assistant District Attorney prosecuting this action against the defendant leola wyatt in arbitrarily dismissing Mrs. Wyatt’s complaint against yvonne
PATTERSON and MAXINE BROOKS.
*71 "8. Upon information and belief a.d.a. james m. Phillips esq. has invested considerable time and energy in preparing his cases both against the defendant in the companion case Stanley wyatt and against the defendant in this case, leola wyatt. As has been made clear, it is most obvious, a basic element of leola wyatt’s defense in this action is the fact of her assault complaints against the said yvonne patterson and maxine brooks. It is patently clear that the prosecution of the complaint against leola wyatt and the prosecution of leola wyatt’s complaint against yvonne patterson and maxine brooks entail directly conflicting interests on the part of a prosecutor. This is so obvious that when the matter appeared before this Court on August 17, 1987 while a.d.a. james m. Phillips, esq. continued to be the Assistant District Attorney prosecuting the action against the defendant Stanley wyatt and the action against this defendant leola wyatt, another Assistant District Attorney, to wit, a.d.a. lew galdston, esq. [sic] was designated to represent the complaint of Mrs. Wyatt against the said yvonne patterson and maxine brooks as defendants. I respectfully submit to this Court that if it was indeed felt that assault complaints of leola wyatt against yvonne patterson and maxine brooks should have been dismissed that this was a matter which should have been decided by and presented to Court by a.d.a. lew gladston, esq. or any other Assistant District Attorney acting with him other than a.d.a. james m. Phillips, esq. who was already committed to the prosecution of the defendant herein and the defendant Stanley wyatt in the companion case.
"9. That in conclusion, the action of a.d.a. james m. Phillips, esq. in dismissing Mrs. Wyatt’s complaint against yvonne patterson and maxine brooks as has been amply set forth in the companion motion, was unwarranted, constituted a direct conflict of interest on the part of a.d.a. james m. Phillips, esq. and was calculated to and did irreparably damage and harm the prospects of the defense of this action by leola wyatt. That for this reason this action should be dismissed.”
This court rejects the People’s assertion that they were "never given an opportunity” to address the conflict of interest question before the court. The court notes that there are no new factual allegations alleged in the People’s moving papers.
The People in their moving papers assert that a "Chinese *72 Wall” would be erected whereby two separately appointed AD As from different trial bureaus, without permission to share information between each other, would prosecute each party separately. This is not an acceptable alternative in this instance notwithstanding Matter of Morgenthau v Crane (113 AD2d 20 [1st Dept 1985]). In Morgenthau the defendant’s matter was assigned to a trial bureau in which his cousin was an Assistant District Attorney. The matter was immediately transferred to another bureau and the ADA cousin was isolated from the case. There is nothing to indicate that the ADA cousin ever participated in any way on the case, even before it was transferred. In the instant case the intermingling of information is wholly apparent from the activities of an ADA moving to dismiss a cross complaint when he is prosecuting another. Furthermore, the active participation of two AD As on this case from the same bureau, each wanting to win his prosecution with all access to rumors and conversation and the potentiality of observing documents mistakenly lain about, still bespeaks of an unacceptable conflict of interest, "Chinese Wall” or no, and, therefore, this court must disqualify the People. (Cf., People v Zimmer, 51 NY2d 390; People v Shinkle, 51 NY2d 417; ABA Standards Relating to Prosecution Function and Defense Function § 1.2 [a], [b] [iii]; Code of Professional Responsibility Canon 9.)
The People in their moving papers also assert that I lacked authority to disqualify the Bronx District Attorney and appoint a Special Prosecutor pursuant to County Law § 701. In my prior order I referred the matter to the Administrative Judge of the Bronx Supreme Court for appointment of counsel. The present issue is whether or not I exceeded my authority solely when I disqualified the District Attorney’s office. The People support their position by looking to Matter of Morgenthau v Crane (113 AD2d 20 [1st Dept 1985], supra). In Crane the New York City Criminal Court denied defendant’s motion to disqualify the District Attorney’s office because it believed it lacked jurisdiction to make such a determination and its dismissal was with leave to renew to the New York Supreme Court. (People v Anonymous, 126 Misc 2d 673 [1984].) The defendants subsequently moved in Supreme Court for their relief and although the Supreme Court initially granted this relief and disqualified the District Attorney, the court’s order was vacated by the Appellate Division. (See, Matter of Morgenthau v Crane, 113 AD2d 20 [1st Dept 1985], supra.) At no time did the appellate court address the issue of whether or not the *73 lower criminal court was correct in its original determination that it did not have jurisdiction on the question regarding disqualification of the District Attorney.
This court did have authority as a matter of judicial economy and as a matter of statutory interpretation pursuant to County Law § 701 to disqualify the District Attorney’s office from further prosecution of these defendants and refer the matter for consideration of the appointment of a Special Prosecutor to the Superior Criminal Court pursuant to County Law § 701, and once again the matter is referred to the Supreme Court, Bronx County, to consider the appointment of a Special Prosecutor.