■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS CONTI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered January 12, 1987, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the determination of his status as a persistent violent felony offender was erroneous because the underlying 1976 conviction failed to meet the constitutional standards of *Boykin v Alabama* (395 US 238). In addition, the defendant contends that he showed good cause pursuant to CPL 400.21 for his failure to previously challenge the 1976 conviction. Specifically, he argues that his former trial and appellate counsels' failure to so challenge the prior conviction constituted ineffective assistance of counsel.

Since the defendant did not seek review of his adjudication as a second felony offender in 1980 by direct appeal or an appropriate postjudgment motion, he must be deemed to have waived that issue *(see, People v Loughlin,* 66 NY2d 633, 635-636; *People v Morcilio,* 91 AD2d 1074).

Upon a review of the record we find that the defendant failed to demonstrate good cause for his failure to controvert the constitutionality of the 1976 conviction upon his sentencing as a second felony offender in 1980. The defendant was not deprived of effective assistance of either trial or appellate counsel with respect to such adjudication. The 1980 sentencing minutes clearly indicate that, after being shown a copy of the predicate felony statement, the defendant was advised that he would be sentenced as a second felony offender based upon his voluntary decision not to contest it. The defendant has, therefore, waived any allegation as to the constitutionality thereof *(see,* CPL 400.21; *People v Williams,* 133 AD2d 871).

In any event, a review of the record shows that defendant's plea in 1976 was knowingly and voluntarily entered and was properly accepted *(see, People v Harris,* 61 NY2d 9). Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.