THIRD DEPARTMENT, MAY, 1991

(May 2, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HANS W. EARLY, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered October 16, 1986, upon a verdict convicting defendant of the crimes of robbery in the second degree, criminal mischief in the second degree, assault in the third degree and operating a motor vehicle while under the influence of alcohol.

Defendant appeals from a judgment convicting him after trial of, *inter alia,* robbery in the second degree and sentencing him as a persistent felony offender to a prison term of 25 years to life. We reject the contentions that the District Attorney should have been disqualified from prosecuting the case and that County Court erred as a matter of law and discretion in sentencing defendant as a persistent felony offender and, accordingly, affirm.

At a hearing conducted on defendant's motion to dismiss the

indictment because of claimed prosecutorial misconduct, it was established that Peter Margolius, appointed as an Assistant District Attorney during the pendency of this criminal proceeding, had previously represented defendant. However, it is undisputed that the prior representation was in connection with an unrelated criminal charge and was completed prior to defendant's commission of the crimes forming the basis for this prosecution, thus creating no conflict of interest *(see, People v Blim,* 98 AD2d 944, 945, *revd on other grounds* 63 NY2d 718; *People v Joy,* 78 AD2d 951, 952; *cf., People v Shinkle,* 51 NY2d 417). Furthermore, while Margolius had personal contact with defendant during the pendency of this proceeding, it was established that Margolius had no involvement in the prosecution of this action and did not discuss the case with defendant or with any representative of the District Attorney's office, thereby preventing any actual prejudice or substantial risk of an abuse of confidence *(see, Matter of Schumer v Holtzman,* 60 NY2d 46, 55; *Matter of Morgenthau v Crane,* 113 AD2d 20, 21-22). We reject the contention that the mere appearance of impropriety mandated the appointment of a special prosecutor. To the contrary, the Court of Appeals has made it clear that "[t]he courts, as a general rule, should remove a public prosecutor only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" *(Matter of Schumer v Holtzman, supra,* at 55; *see, Matter of Morgenthau v Crane, supra,* at 22-23; *People v Blim, supra; People v Joy, supra).*

Turning to defendant's challenge to the propriety of the sentence, we note that County Court based its determination that defendant was eligible for persistent felony offender treatment *(see,* Penal Law § 70.10 [1]; CPL 400.20) upon two prior convictions of attempted assault in the second degree, on November 13, 1980 upon a jury verdict and on February 17, 1981 upon a plea of guilty. In each case, defendant was sentenced to an indeterminate prison term of 1½ to 3 years. Defendant raises for the first time on this appeal the contention that the crime of attempted assault in the second degree is impossible of commission *(see, People v Campbell,* 72 NY2d 602) and may not, accordingly, serve as a predicate for persistent felony offender treatment. In our view, defendant has failed to preserve this issue for our consideration. Examining first the 1980 conviction, we note that on appeal from that conviction *(see, People v Early,* 85 AD2d 752) defendant did not raise the issue subsequently considered by the Court of Ap-

peals in *People v Campbell (supra)*, "whether a person can attempt an assault under Penal Law § 120.05 (3)" *(supra,* at 607). Further, the People allege without contradiction that the 1980 conviction served as a predicate for sentencing defendant as a second felony offender in 1981. Having failed to demonstrate good cause for failing to controvert the constitutionality of the 1980 conviction at the time of the 1981 sentence or on appeal therefrom, defendant waived any future allegation of its unconstitutionality *(see,* CPL 400.21 [8]; *People v Loughlin,* 66 NY2d 633, 635-636; *People v Conti,* 149 AD2d 607, 608, *lv denied* 74 NY2d 738; *People v Shaffer,* 144 AD2d 182, 183). Moreover, defendant has offered no good cause for his failure to raise the issue before County Court upon his sentencing on the instant convictions *(see,* CPL 400.20 [6]; *People v Reed,* 135 AD2d 585, *lv denied* 70 NY2d 959). Defendant has similarly failed to preserve his challenge to the constitutionality of the 1981 conviction. In addition, "[a] factual basis for the crime confessed is unnecessary where a defendant enters a bargained guilty plea to a lesser crime" *(People v Du Bray,* 76 AD2d 976, 977; *see, People v Clairborne,* 29 NY2d 950, 951).

Finally, taking defendant's extensive prior criminal conduct, and particularly his history of assaultive behavior, into account, we cannot say that County Court abused its discretion in sentencing defendant as a persistent felony offender or that the sentence was harsh or excessive *(see, People v Civitello,* 152 AD2d 812, 815, *lv denied* 74 NY2d 947; *People v Washington,* 119 AD2d 894, 896, *lv denied* 68 NY2d 673).

Judgment affirmed. Casey, J. P., Mikoll, Levine, Mercure and Crew III, JJ., concur.