(March 11, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HANS W. EARLY, Appellant. [594 NYS2d 849] —Mikoll, J. P. Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered June 23, 1987, upon a verdict convicting defendant of the crimes of robbery in the first degree (two counts) and assault in the first degree (two counts).

On this appeal defendant argues for reversal of the jury verdict on two grounds: the verdict was against the weight of the evidence and County Court improperly admitted into evidence a club defendant allegedly used in commission of the crimes. Defendant also claims that he was improperly sentenced as a persistent felony offender and asserts that his sentence was unduly harsh and should be modified in the interest of justice.

These charges arose out of events that occurred on June 28 and 29, 1986. The victim testified that she met defendant, a former classmate, on the evening of June 28, 1986. Defendant

asked her to a party where, he said, she would meet another former classmate whom she had not seen for some time. The victim testified that she was later driven home from the party by defendant and Frank Marchesani. Because her home had been gutted by a prior fire, she did not enter inside but went to sleep on the front porch. Subsequently, she was awakened to discover that someone was striking her on the head with a blunt object.

Defendant was convicted after trial of two counts of robbery in the first degree and two counts of assault in the first degree. Thereafter, County Court held a sentencing hearing, adjudicated defendant a persistent felony offender and sentenced him to prison terms of 25 years to life on each conviction. The sentences were to run concurrently with each other, but consecutive to a prior sentence of 25 years to life imposed upon his conviction on unrelated charges.

Weighing, as we must, " 'the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " and giving due deference to the verdict of the jury *(People v Bleakley,* 69 NY2d 490, 495, quoting *People ex rel. MacCracken v Miller,* 291 NY 55, 62), we conclude that the verdict is not against the weight of the evidence. The victim testified that after arriving at her home defendant asked to borrow money from her, which she gave him, stating that she would probably never see it again. She then went to sleep on her porch and was awakened by blows from a club. She had difficulty seeing and identifying defendant because of blood flowing from the blows on her head and alcohol she had consumed, but did state that her assailant was a tall, thin black man wearing a jogging suit with a white stripe. She further stated that he then forcibly demanded her wedding rings and money, including a one dollar bill with the name "Jo Ann" written on it, which she turned over to him.

There was other testimony from defendant's live-in girlfriend and others establishing that, on June 29, 1986, defendant had in his possession the rings and money, including the one dollar bill with the name "Jo Ann" on it, all taken from the victim. There was also evidence that he had worn a black jogging suit at about the time of the attack and that the money that he possessed was stained with blood. There was sufficient direct and circumstantial evidence, including defendant's statements and his recent, exclusive and unexplained possession of the fruits of the crime, to support the jury's verdict *(see, People v Johnson,* 65 NY2d 556, 562).

Turning to the issue of the admissibility of the club, we find that there was a sufficient foundation laid for its admission into evidence. The victim was not able to identify the club found at defendant's residence as the same club or object that was used by her assailant, but she did testify that it "looked like" it. Further, the club produced appeared to be stained with blood. Thus, there was sufficient evidence connecting the club with defendant and the assault and robbery to find it probative on the issue of guilt or innocence and therefore admissible. It was for the jury to determine the weight to be given this evidence (see, People v Pena, 50 NY2d 400, 408, cert denied 449 US 1087; People v McGee, 49 NY2d 48, 59-60, cert denied sub nom. Quamina v New York, 446 US 942; People v Wynn, 176 AD2d 375; People v Dinkins, 139 AD2d 759, 760).

Defendant's argument that his sentencing as a persistent felony offender was improper because two of his prior convictions were for attempted assault in the second degree pursuant to Penal Law §§ 110.00 and 120.05 (3), a crime later ruled to be a legal impossibility by the Court of Appeals (see, People v Campbell, 72 NY2d 602), is rejected. This argument was resolved by this Court's ruling in a prior appeal in which the same argument was raised and rejected (see, People v Early, 173 AD2d 884, 885, lv denied 79 NY2d 1000). Defendant failed to challenge the propriety of his attempted assault in the second degree convictions on the basis that the crime was impossible to commit on any of his prior opportunities to do so: (1) on direct appeal from one of the convictions (see, People v Early, 85 AD2d 752), (2) during his adjudication as a second felony offender when he was sentenced for a later conviction, and (3) during his sentencing for the conviction that was then being appealed (see, People v Early, 173 AD2d 884, supra). Defendant again failed to raise the issue at sentencing before County Court in the present case.

Finally, we do not find this to be an appropriate case in which to exercise this Court's discretion to modify the sentence in the interest of justice. In view of defendant's extensive criminal history (mostly for violent assaults), his former incarcerations and warnings to reform, the aggregate sentence imposed is not unduly harsh.

Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.