■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN NADAL, Appellant. [659 NYS2d 54] —Appeal by the defen-

dant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered March 28, 1995, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

In accordance with the plea agreement, the defendant was sentenced as a second felony offender based upon a 1990 conviction. At sentencing, the defendant claimed that he should not be sentenced as a second felony offender because he was denied youthful offender treatment on his 1990 conviction. On appeal, the defendant claims that he was denied effective assistance of counsel on his 1990 conviction because his counsel at that time did not further investigate whether he was eligible for youthful offender treatment.

The defendant's claim that he was denied effective assistance of counsel on his 1990 conviction was not raised before the trial court, and therefore, is not preserved for appellate review (see, People v Early, 173 AD2d 884, 885). Moreover, the defendant's underlying claims regarding his 1990 conviction involve matters which are dehors the record, and therefore are not properly before this Court on appeal (see, People v Grazzette, 211 AD2d 822; People v Dyson, 200 AD2d 756).

Further, the defendant's claim that he was denied effective assistance of counsel on the instant conviction is without merit. Counsel's failure to challenge the constitutionality of his 1990 conviction did not deprive the defendant of meaningful representation, as the defendant knowingly, voluntarily, and intelligently waived his right to challenge the constitutionality of the 1990 conviction, as well as the sentence itself, as part of the plea agreement (see, People v Seaberg, 74 NY2d 1, 7; People v Conti, 149 AD2d 607, 608). We find that counsel provided received meaningful representation (see, People v Baldi, 54 NY2d 137, 147). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.