Jasen, J.
On October 30, 1968, defendant was convicted of the crimes of robbery and unlawful possession of a weapon. On May 1, 1969 the Legal Aid Society, which had represented him during the trial, was assigned to perfect the appeal. While preparing the appeal, Legal Aid first discovered that the society had also been assigned to represent, in- an unrelated criminal proceeding, the complaining witness at defendant’s trial. Subsequently, Legal Aid, on its own motion, was relieved of defendant’s assignment and other counsel designated to prosecute the appeal. The Appellate Division affirmed the judgment of conviction. On September 3, 1969, while his direct appeal was pending, defendant instituted this pro se motion for a writ of error coram nobis, seeking to vacate the judgment of conviction on the ground that he was denied his constitutional right of effective counsel. Specifically, he contends that the assignment of the Legal Aid Society to represent the complaining witness in an unrelated criminal proceeding created a per se conflict of interest at his trial.
We are not persuaded that the unknowing dual representation of both the complaining witness and the defendant does, in and of itself, deprive a defendant of effective representation of counsel. A mere contention that the defendant has been deprived of effective counsel, without some showing of a conflict of interest or prejudice, is insufficient to grant coram nobis relief.
That is not to say, however, that a defendant would not be denied his constitutional right of effective counsel, if the same lawyer represented conflicting interests without his knowledge and assent. (Glasser v. United States, 315 U. S. 60; United States v. Dayman, 342 U. S. 205; People v. Byrne, 17 N Y 2d *56 209; Porter v. United States, 298 F. 2d 461; United States ex rel. Miller v. Myers, 253 F. Supp. 55; People v. Stoval, 40 111. 2d 109.) The thrust of defendant’s argument, as we view it, is not that there was dual representation of conflicting interests by the same lawyer, but that the mere dual representation by the same attorney of record, designated on behalf of the Legal Aid Society, raises a presumption of deprivation of effective representation of counsel.
While it is true that for the purpose of disqualification of counsel, knowledge of one member of a law firm will be imputed by inference to all members of that law firm (Laskey Bros. of W. Va. v. Warner Bros. Pictures, 224 F. 2d 824), we do not believe the same rationale should apply to a large public-defense organization such as the Legal Aid Society. The premise upon which disqualification of law partners is based is that there is within the law partnership a free flow of information, so that knowledge of one member of the firm is knowledge to all.
Even if we were to treat the Legal Aid Society to be analogous to a law partnership, there is no evidence that information concerning defendants being represented[1] by the society flows freely within the office, or that there was actual knowledge of the dual representation by the society. The New York City Legal Aid Society, a nonprofit membership organization authorized by law to represent indigent persons[2], consists of four branches[3] and three units[4], and is undoubtedly the largest legal defense organization in the world. In Criminal Court work alone, the society has approximately 150 lawyers engaged in all of the courts in the city exercising criminal jurisdiction.
In view of the nature of the organization and the scope of its activities, we cannot presume that complete and full flow of “ client ” information between staff attorneys exists, in order to impute knowledge to each staff attorney within the office.
*57 Moreover, defendant does not allege a single factor which might have deterred his counsel from presenting an effective defense, nor does he claim that his defense was not conducted in a capable and diligent manner.
Absent a showing that the particular staff attorney who defended the defendant knew of a potential conflict and was inhibited or restrained thereby during trial, defendant’s prejudice cannot be inferred.
Accordingly, the order of the Appellate Division, denying defendant’s application for a writ of error coram nobis, should be affirmed.
Chief Judge Ful,® and Judges Burke, Scileppi, Bergan, Breitel and Gibson concur.
Order affirmed.

. Dispositions by the Legal Aid Society Criminal Bureau in 1969:
Criminal Court—143,671
Supreme Court— 11,628
Federal Court — 1,243

. Rules, Supreme Court, Appellate Division, First Department, section 606.1. (22 NYCRR 606.1.)

. Civil, Criminal, Family Court and Appeals Bureau.

. Immigration, Mental Health and Legislation.