■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. FRISBIE, Appellant.—Case held, decision reserved and matter remitted to Jefferson County Court for further proceedings in accordance with the following memorandum: In the supplemental brief filed herein by defendant personally, he asserts facts which do not appear in the record on this appeal, principal of which is that his assigned counsel, before defendant's trial herein, had recently represented Ms. Joanne Aili, defendant's girl friend; that, without notice to defendant or his counsel, upon the trial the prosecutor called Ms. Aili as the People's first witness against defendant; that although defendant's counsel knew (from his prior representation of Ms. Aili) of Ms. Aili's involvement in other crimes, because that knowledge was acquired while acting as her attorney, he did not cross-examine her thereon; that actually Ms. Aili was also an accomplice in the crime of which defendant was accused, and defendant's counsel did not bring that out and did not ask the court to charge with reference to the consideration to be given to the testimony of an accomplice. Defendant's assigned trial attorney has submitted a letter and affidavit, which are attached to defendant's personal brief, in which he supports defendant's contention that in effect a conflict of interest on his part existed which prevented him from properly representing defendant upon the trial. Since defendant swore to his personal

brief, we treat it as a *coram nobis* application. In view of the allegations, supported in part by defendant's assigned trial attorney, we remit the matter to County Court to take evidence as to the truth of such allegations. The court should consider such evidence in the light of the fact that neither defendant nor his assigned trial attorney called to the trial court's attention the alleged facts which are now asserted, and determine whether a conflict of interest existed to any material extent so as to prejudice defendant upon his trial (see *People v Brown,* 45 NY2d 852). (Appeal from judgment of Jefferson County Court—criminal possession of stolen property, second degree.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.