■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. FRISBIE, Appellant.—Judgment unanimously affirmed. Memorandum: The record clearly demonstrates defendant's guilt. The only point raised by defendant which is worthy of comment is the contention that upon the trial a conflict of interest arose with respect to assigned trial attorney, Mr. Gambel. Subsequent to the assignment defendant had introduced his girlfriend, Ms. Aili, to Mr. Gamble, and Mr. Gamble represented her as her attorney with respect to a criminal activity into which the police were inquiring. The charge against defendant was for an unrelated crime. Ms. Aili had been living with defendant and she moved out from his apartment before the start of his trial. Before then the police had advised Mr. Gamble that they had closed their investigation of Ms. Aili. At the trial, to the surprise of defendant and Mr. Gamble the People's first witness was Ms. Aili. Neither defendant nor Mr. Gamble suggested to the trial court that her appearance as a witness presented a conflict of interest for Mr. Gamble, and it is not asserted that the District Attorney knew that Mr. Gamble had appeared before the police in behalf of Ms. Aili. From correspondence between Mr. Gamble and defendant after the trial, submitted to us on this appeal, it appears that Mr. Gamble was not unhappy with Ms. Aili's testimony, overall. Because of the clear danger, however, that defendant was prejudiced by this situation, we treated defendant's claim of prejudice as a *coram nobis* application, since he had sworn to his supplemental brief containing that claim, and we remitted the case to the trial court for a

hearing to develop the facts in relation thereto (People v Frisbie, 65 AD2d 954). Upon the evidence presented at that hearing, the trial court held that defendant was not prejudiced by the conflict of interest which had developed without the knowledge of the court or the District Attorney, and without fault on the part of the defendant or his counsel. On the coram nobis hearing, defendant's counsel testified that when Ms. Aili, to his surprise, took the stand to testify against defendant, he felt inhibited in his efforts to discredit her by cross-examination. The court record shows, however, that defendant's counsel did bring out that Ms. Aili had been living with defendant, had quarreled with him and left him and that the police had been questioning her about her own criminal activities and had agreed to grant her immunity therefrom in return for her testimony against defendant on this trial. Neither defendant nor his attorney has suggested any matter that could have been elicited from Ms. Aili's own cross-examination which was omitted and which might have discredited her more before the jury, to defendant's benefit. Thus, although a clear conflict of interest on the part of defendant's assigned counsel does appear in this case, we can find no resulting prejudice to defendant. The lack of prejudice and evidence in the case of defendant's guilt, as established by the other witnesses, including defendant's own conduct, are such that it would be a travesty on the judicial process to reverse the judgment in this case and remit for a new trial (see Chapman v California, 386 US 18, 23; People v Crimmins, 36 NY2d 230, 237; People v Wilkins, 28 NY2d 53; United States v McClean, 528 F2d 1250, 1258; United States v Alberti, 470 F2d 878, 880-881; Olshen v McMann, 378 F2d 993; People v Paturso, 67 AD2d 638). (Appeal from judgment of Jefferson County Court—criminal possession stolen property, second degree —resubmission.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.