OPINION OF THE COURT
M. Michael Potoker, J.
The People have moved the court to relieve the Legal Aid Society from representing the defendant in the instant matter and to assign counsel pursuant to article 18-B of the County Law.
*260 The motion is based on what the People claim is a conflict of interest, a violation of the Code of Professional Responsibility, and the appearance of impropriety, stemming from the fact that the People intend to call as a witness a confidential informant who had been previously represented by the Legal Aid Society in matters in which he was a defendant.
The Assistant District Attorney concedes that the Legal Aid Society does not now represent the confidential informant in a pending criminal case. Legal Aid counsel submits that he be granted the opportunity of investigating the possibility of a conflict of interest by conferring with the confidential informant’s previous Legal Aid attorney, and for that purpose seeks an order from the court for the disclosure of the confidential informant’s name.
Defendant argues that if the confidential informant was a codefendant in this case, a conflict situation would arise but that he cannot see how cross-examining a witness would give rise to .any conflict or how his interest would be adversely affected if the confidential informant was cross-examined by him.
The defense counsel has apparently ignored the ethical issue involved, namely, the preservation of confidences and secrets of a client (Code of Professional Responsibility, DR 4-101).
"DR 4-101. Preservation of Confidences and Secrets of a Client.
"(A) 'Confidence’ refers to information protected by the attorney-client privilege under applicable law, and 'secret’ refers to other information gained in the professional relationship that the client has requested to be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client.
"(B) Except when permitted under DR 4-101(C), a lawyer shall not knowingly:
"(1) Reveal a confidence or secret of his client.
"(2) Use a confidence or secret of his client to the disadvantage of the client.
"(3) Use a confidence or secret of his client for the advantage of himself or of a third person, unless the client consents after full disclosure.
"(C) A lawyer may reveal:
*261 "(1) Confidences or secrets with the consent of the client or clients affected, but only after a full disclosure to them.
"(2) Confidences or secrets when permitted under Disciplinary Rules or required by law or court order.
"(3) The intention of his client to commit a crime and the information necessary to prevent the crime.
"(4) Confidences or secrets necessary to establish or collect his fee or to defend himself or his employees or associates against an accusation of wrongful conduct.
"(D) A lawyer shall exercise reasonable care to prevent his employees, associates, and others whose services are utilized by him from disclosing or using confidences or secrets of a client, except that a lawyer may reveal the information allowed by DR 4-101(C) through an employee.” (Code of Professional Responsibility, DR 4-101.)
The Court of Appeals recently ruled in a matter similar to the issue now before the court. In People v Hall (46 NY2d 873), defense counsel discovered that he had previously represented and had been intimately involved with an important identification witness (parenthetically, also not a codefendant), and his family and he so informed the court. The prosecution immediately moved to have counsel relieved. Defense counsel, with great reluctance, joined in the People’s motion. Over appellant’s objection, the court relieved the defense counsel.
The defendant further contends, as did the defendant in the Hall case, that a defendant has the constitutional right, once an attorney has been retained or assigned, to determine whether such an attorney may continue to represent him and he cannot be deprived of that right.
The Court of Appeals in Hall held (p 875) that "a court should be hesitant to interfere in an established attorney-client relationship, even where, as here, the attorney joins in the application to be excused.”
However, the court found no error in the determination made by the court to disqualify in circumstances in which it appeared very likely that the attorney’s continuance in the case would work unfair prejudice either to the prosecution or to defendant.
In this case we do not have one practitioner representing both witness and defendant, but we do have what in essence has been called one law firm, the Legal Aid Society, and case law (Laskey Bros. of West Va. v Warner Bros. Pictures, 224 *262 F2d 824) has held that knowledge of one member of a law firm will be imputed by inference to all members of the same firm.
Yet, in People v Wilkins (28 NY2d 53), a case which revolved around the issue of Legal Aid being one law firm, the court ruled that dual representation by different Legal Aid staff attorneys of the defendant and a complaining witness who were not aware of this dual representation did not deprive defendant of effective representation of counsel.
While not exactly on point, it does nonetheless indicate that the Court of Appeals is not ready to impute the knowledge of one Legal Aid Society attorney to another staff member where the attorneys are not aware of the dual representation. "In view of the nature of the organization [Legal Aid Society] and the scope of its activities, we cannot presume that complete and full flow of 'client’ information between staff attorneys exists, in order to impute knowledge to each staff attorney within the office.” (Wilkins, supra, at p 56.)
The issue becomes more pointed whether the defense counsel, once he learns of the identity of the confidential informant, will seek to obtain confidential information which would have been made available only to the witness’ attorney and not to the public. Such action would be violative of DR 4-101 (subds [A], [B]) of the Code of Professional Responsibility and subject the attorney to the action of the Joint Bar Grievance Committee and the Appellate Division. Even the appearance that such a situation is taking place should be avoided.
Applying the Wilkins holding, the court will not, at this time, relieve the defense counsel. It assumes and so directs that as a member of the Bar and as an officer of the court, defense counsel will not attempt to ascertain confidential facts about the witness that may have been disclosed to his previous Legal Aid attorneys under the attorney-client relationship.
If counsel cannot assure the court that he will abide by these rules, or if he may have already made such inquiry upon learning the confidential informant’s name from other sources, he is duty bound to join in the request that the court relieve him from the representation of this defendant. Defense counsel has now assured the court that he has not at any time made such inquiry.
For the limited issue before the court at this juncture the District Attorney is directed to disclose the name of the *263 confidential informant to defense counsel so that he may confer with the proposed witness’ former attorney in the Legal Aid Society within the confines of this decision and to report back to the court on the adjourned date.
The People’s application is denied at this time without prejudice to right of renewal, if otherwise indicated.