**Leonard TELESCO, Petitioner,**

v.

**Charles SCULLY and the Attorney General of the State of New York, Respondents.**

**No. 82 Civ. 789.**

United States District Court, S. D. New York.

July 1, 1982.

---

Redleaf, Ain, Geduldig & Farinacci by Martin Geduldig, Floral Park, N. Y., for petitioner.

Robert Abrams, Atty. Gen. of N. Y., New York City, by Diane E. Selker, Asst. Dist. Atty., Westchester County, White Plains, N. Y., for respondents.

SOFAER, District Judge.

In 1974, petitioner was convicted of murder and possession of a weapon at a jury trial in the Supreme Court, Westchester County, presided over by Justice Beisheim. He was sentenced to imprisonment for twenty-five years to life. He now seeks a writ of habeas corpus on three grounds: mental incompetence during the trial due to the ingestion of valium; unconstitutionality of the charge on intent; and ineffective assistance of counsel, on the sole ground that his challenge to the charge was not asserted on appeal.

The mental-incompetence and jury-charge grounds were first asserted in May 1980 on a motion to vacate before Justice Beisheim, six years after the sentencing. The State opposed the motion to vacate both on procedural grounds and on the merits. *See* Opposition to Writ, Ex. B, at 2–3. The State noted that petitioner's mental state was in fact discussed, a continuance was denied, but no claim of drug-induced incompetence was made. As for the instruction, the State noted that an exception was taken to the charge on intent, but the issue was not preserved on appeal.

Justice Beisheim rejected petitioner's mental-incompetence claim not only on the merits but also on the procedural ground

that the claim had been forfeited by failure to raise it on appeal. Affidavit in Opposition, Ex. E, at 3–4. The claim is therefore waived on habeas review unless petitioner can show actual prejudice from and cause for the procedural default. *Forman v. Smith*, 633 F.2d 634, 636 n.5, 640 (2d Cir. 1980). The actual-prejudice prong of this test need not be addressed because petitioner has shown no cause for his failure to raise his mental-incompetence claim on appeal.

■ The only cause petitioner alleges is that the claim was based on facts outside the record, so that it could not be raised on appeal. But the issue was raised on the record at trial, and the trial judge's finding of competence was made on the record. *See* Trial Tr. 149–55, 178–80. In any event, nothing in petitioner's legal papers, here or in the state proceedings, supports the argument that the issue could not have been raised on direct appeal. *See, e.g., People v. Frisbie*, 65 A.D.2d 954, 410 N.Y.S.2d 481 (4th Dep't 1978) (on direct appeal, case remanded for hearing on claims with support only outside record). Not only is petitioner's one allegation of cause inadequate but there appears to be no other cause for the default: the facts were in petitioner's knowledge, and his request for an adjournment shows that he well knew that his mental state was a proper subject to raise. Moreover, in such circumstances as this case presents, reviewing the alleged error requires inquiry into facts (regarding the petitioner's mental state at trial) almost impossible to ascertain six or eight years after trial; contemporaneous review is therefore especially important, and the cause standard for overlooking a procedural default must be high. *Cf. Engle v. Isaac*, —— U.S. ——, —— – ——, 102 S.Ct. 1558, 1570–73, 71 L.Ed.2d 783 (1982) (discussing importance of contemporaneous challenges to trial). In sum, there being no adequate cause for his default, petitioner is barred from raising his mental-incompetence claim here.

Justice Beisheim rejected petitioner's challenge to the intent charge on the merits. He held that the charge was sufficiently qualified to avoid prejudice and that a New York Court of Appeals decision implied that *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), on which petitioner's challenge to the charge is based, should not be applied retroactively to any cases not already on appeal when *Sandstrom* was decided. Contrary to the State's contention, Justice Beisheim did not rely on petitioner's failure to raise this claim on appeal. He reached only the merits, saying nothing about the alleged procedural default, possibly because *Sandstrom* was not decided until four years after the appeal was concluded.

Petitioner sought to appeal the denial of his motion to vacate. For the first time, he asserted that his attorney had been ineffective by failing to raise the *Sandstrom* issue on direct appeal; petitioner did not then, or at any other time, raise any ineffective assistance claim based on failure to raise the mental-incompetence issue on appeal. The State relied on both procedural and substantive grounds in opposing the application. On September 18, 1980, leave to appeal was denied in an order that failed to state any ground. Affidavit in Opposition, Ex. H.

The courts of New York have not relied on the failure of petitioner to raise the *Sandstrom* issue on appeal. Justice Beisheim reached and decided the merits of the claim, so it is properly before this Court. *See, e.g., Mitchell v. Smith*, 633 F.2d 1009 (2d Cir. 1980); *Washington v. Harris*, 650 F.2d 447 (2d Cir. 1981). The portion of the charge alleged to run afoul of *Sandstrom* reads as follows:

> Further, I charge you that a man is deemed to intend the natural consequences of his act and unless the act was done under circumstances or conditions which preclude the existence of such intent, you have a right to find from the results produced an intent to effect that result.

Trial Tr. 1150. Petitioner's challenge to this instruction is meritless.

*Sandstrom v. Montana, supra*, invalidated a jury instruction that " '[t]he law presumes

that a person intends the ordinary consequences of his voluntary acts,'" where intent was an element of the crime charged. 442 U.S. at 515, 99 S.Ct. at 2454. Because the charge was given without qualification, said the Court, it left the jury to think it had no choice but to draw the inference from act to intent. Thus, it inconstitutionally shifted the burden of proof on an essential element of the crime charged.

The Second Circuit and the New York Court of Appeals have upheld facially similar but significantly different charges against *Sandstrom* challenges. *Washington v. Harris*, 650 F.2d 447 (2d Cir. 1981), following *People v. Getch*, 50 N.Y.2d 456, 429 N.Y.S.2d 579, 407 N.E.2d 425 (1980), upheld a charge on murder in which the jury was told:

> On the question of intent, you may infer that a person intends that which is the natural and necessary and probable consequences of the acts performed by him and unless the act was done under circumstances to preclude the existence of such intent, you have a right to find from the results produced an intention to effect it.

The Second Circuit held that this charge, unlike that in *Sandstrom*, did not shift the burden on intent to the defendant, because it told the jury that it had a choice whether or not to draw an inference from act to intent. The Court specifically noted that this charge told the jury only that it "may infer" intent and did not say that the law "presumes" intent; the Court also noted that the language "unless the act was done under circumstances to preclude the existence of such an intent" helped rid the charge of any arguable burden-shifting implication. 650 F.2d at 453. The New York Court of Appeals relied on the same arguments in approving a similar charge in *People v. Getch, supra*. More recently, in *Mancuso v. Harris*, 677 F.2d 206 (2d Cir. 1982), the Second Circuit approved the following charge:

> Everyone is presumed to intend the natural consequences of his act and unless the act is done under circumstances or condi-

tions that might preclude the existence of such an intent, you, the jury, have to find, have the right to find the requisite intent from the proven actions of an individual.

At 210. The Court there noted that the "unless" clause was "ameliorative and free of any improper burden-shifting effect," as it was in *Washington v. Harris, supra.*

The "man is deemed to intend" language of the charge here at issue shares the flaw of the "law presumes" language of *Sandstrom*. But that language was not given without qualification, as the offending language was in *Sandstrom*. The charge given to petitioner's jury contained the "unless" clause found ameliorative both in *Mancuso v. Harris, supra*, where intent to kill was not at issue, and in *Washington v. Harris, supra*, where it was. Moreover, the jury was told that it had "a right to find" intent, not that it was obliged to do so, thus further ameliorating the suggestion of the "deems" language that the jury was left with no choice. In *Mancuso v. Harris, supra*, the Court approved a charge containing the flawed "presumes" language where it was qualified by the "unless" clause and the "right to find" language.

■ Although the similarity of the challenged instruction to those upheld in recent Second Circuit opinions might suffice to support a denial of the petition here, the challenged portion of the charge must also be examined in the context of the charge as a whole. *See id.* at 210; *Nelson v. Scully*, 672 F.2d 266, 271–72 (2d Cir. 1982). Only in that context can one determine the overall impact on the trial of any incorrect instruction. In this case, any adverse effect of the "presumes" language was cured not only by the ameliorative language already discussed but also by the unchallenged portions of the trial court's charge.

The trial judge correctly instructed the jury that "the defendant is presumed to be innocent unless and until the People can convince you of his guilt according to the standards fixed by law beyond a reasonable doubt" and that "the defendant is not under the legal duty or burden of proving his

innocence." Trial Tr. 1131. He further explained that "[e]vidence of facts and circumstances to justify conviction must all be consistent with and point not only to the guilt of the defendant but such facts and evidence must be inconsistent with his innocence." *Id.* In the sentence preceding the sentence challenged as violating *Sandstrom,* the trial judge explained the intent element of murder in the statutory language of "conscious objective". Trial Tr. 1149–50. He went on correctly to distinguish murder from manslaughter by the different intent requirements. Trial Tr. 1151. In explaining "justification" to the jury, the trial judge stated that the People must prove absence of justification beyond a reasonable doubt and explained that justifications included self-defense and others. Trial Tr. 1154–56. Near the end of the charge, the judge reminded the jury that "murder is where somebody kills somebody and intended to kill him." Trial Tr. 1207. In response to a jury note, the trial judge once again explained the intent element of murder. Trial Tr. 1217–18. He also reexplained the law of self-defense, underscoring the People's burden of proving absence of the defense beyond a reasonable doubt. Trial Tr. 1218–25. Still later, the trial judge explained yet another time the difference between murder and manslaughter, saying that "the intent would be different." Trial Tr. 1231.

The challenged instruction was but one part of one sentence in over a hundred pages of instructions. As explained above, the immediately surrounding qualifications of the "deemed" language by themselves would be sufficient to support rejection of petitioner's challenge. The charge as a whole, with its repeated references to the People's burden of proof and the critical importance of the intent element of murder, bolsters this conclusion. It cannot fairly be concluded that the jury seized on the "deemed" language and felt itself obligated to infer intent to kill. *See Nelson v. Scully, supra,* 672 F.2d at 269–72 (approving charge on basis of elements of charge similar to those quoted here). Petitioner's *Sandstrom* challenge is therefore rejected.

On February 6, 1981, petitioner once again filed a motion to vacate, this time solely on the ground that the failure of his attorney to raise the *Sandstrom* issue on appeal denied him the right to effective assistance of counsel. The State opposed on the merits, and on the ground that a motion to vacate did not lie to correct such an error. The judge denied the motion without stating a ground, though he suggested remaking the motion in the Appellate Division, and leave to appeal was denied by order. Affidavit in Opposition Ex. K & N.

■ Contrary to respondent's contention, petitioner does appear to have exhausted his claim of ineffective assistance of appellate counsel. Petitioner's filing in the trial court of a motion to vacate the judgment on this ground is the course approved by the New York Court of Appeals in *People v. Lampkins,* 21 N.Y.2d 138, 142, 286 N.Y.S.2d 844, 847–48, 233 N.E.2d 849 (1967) (motion to vacate in trial court proper remedy for denial of appellate rights). *See United States ex. rel. Ellington v. Conboy,* 333 F.Supp. 1318, 1322 (S.D.N.Y.1971) (Gurfein, J.) (claim of ineffective assistance of appellate counsel not exhausted because petitioner had not sought writ of error coram nobis). Moreover, although Justice Beisheim appears to have thought that petitioner should have filed his motion before the Appellate Division rather than before the trial court, *see* Affidavit in Opposition, Ex. K, his denial of the motion was appealed to the Appellate Division, which denied leave to appeal even though petitioner requested in the alternative that his appeal be treated as an original motion to vacate in the Appellate Division. Consequently, petitioner has "fairly presented" his ineffective-assistance claim to the state courts, which had "an opportunity to apply controlling legal principles" to the factual allegations. *Picard v. Connor,* 404 U.S. 270, 275, 277, 92 S.Ct. 509, 512, 513, 30 L.Ed.2d 438 (1971).

Counsel for petitioner states that the ineffective assistance claim, though exhausted, need not be considered because this Court has reached the merits of the *Sand-*

*strom* claim. Affirmation in Reply to Respondents' Opposition 6. This Circuit and the New York courts have developed identical interpretations of *Sandstrom* as it is relevant to this case. *See Washington v. Harris, supra,* 650 F.2d 447; *People v. Getch, supra,* 50 N.Y.2d 456, 429 N.Y.S.2d 579, 407 N.E.2d 425. Consequently, this Court's finding ineffective assistance would be of no effect, for New York would, if directed to give petitioner a constitutional appeal on the *Sandstrom* claim, similarly find the claim meritless. Habeas relief is therefore unavailable on this ground.

█ Even without petitioner's concession, petitioner's Sixth Amendment claim must be rejected. *Barnes v. Jones,* 665 F.2d 427 (2d Cir. 1981), does not mandate a finding of ineffective assistance of appellate counsel, because petitioner does not claim to have requested his appellate counsel to challenge the intent charge. Petitioner's counsel here alleges only that petitioner "wanted" the claim raised and that trial counsel told appellate counsel that the intent charge was "one of the most significant issues in the case," Affirmation in Reply to Respondents' Opposition 6 n.*, allegations fully consistent with a considered professional decision by appellate counsel not to raise the challenge. Because petitioner does not allege that he requested that the claim be made, the rule of *Barnes v. Jones, supra,* which rests on the fundamental connection between adequate representation and attorney compliance with client wishes, does not apply to petitioner's claim. Even if *Barnes v. Jones* applied, however, it follows from the conclusion that the *Sandstrom* claim is meritless and from the fact that New York law on intent instructions has not changed since petitioner's 1974 trial and appeal, *see Taylor v. Harris,* 640 F.2d 1, 2 (2d Cir. 1981); *People v. Thomas,* 50 N.Y.2d 467, 473, 429 N.Y.S.2d 584, 587, 407 N.E.2d 430, 433 (1980), that the challenge to the intent charge was not "colorable" and so need not have been raised even if petitioner had asked his lawyer to do so.

The petition is denied.

SO ORDERED.