**UNITED STATES of America, Plaintiff,**

v.

**Albert Caesar TOCCO, et al.,
Defendants.**

**No. 83 CR 650.**

United States District Court,
N.D. Illinois, E.D.

Oct. 26, 1983.

John Evon, Mitchell Mars, Dept. of Justice, Chicago, Ill., for plaintiff.

Victor F. Ciardelli, Donald N. Novelle, Robert A. Novelle, Vincent F. DiPiero, Serpico, Novelle, Dvorak & Navigato, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On August 17, 1983, a special grand jury charged the twelve defendants in this case with illegal gambling, in violation of 18 U.S.C. §§ 371 and 1955, and 26 U.S.C. § 7203. Now before the Court is the government's motion for an inquiry into any conflict of interests resulting from the representation of defendant Robert Wilson ("Wilson") by attorney Victor Ciardelli ("Ciardelli"). For the reasons set forth below, we decide that Ciardelli will be disqualified from this case.

The government's motion is based on Ciardelli's past, and possibly current, representation of an important prosecution witness ("the witness") in at least two criminal matters.[1] Most recently, Ciardelli has represented this witness in his appeal from a felony conviction. The witness presently is seeking a rehearing of his appeal, although it is unclear whether Ciardelli still represents him in this matter. The government claims that Ciardelli continues to represent the witness and that the witness still considers Ciardelli to be his attorney. Ciardelli, on the other hand, has indicated that he

---

1. This Court is well aware of the excellent reputation Ciardelli enjoys as a skilled and highly ethical defense attorney. Nothing that he has done in regard to his representation of either Wilson or the witness is inconsistent with that fine reputation.

no longer wishes to serve as attorney for the witness. Whether or not Ciardelli is his attorney now, however, it is undisputed that Ciardelli represented the witness for significant periods of time in the past.[2]

It is also contested as to whether the witness ever talked with Ciardelli about Wilson, the defendant in this case whom Ciardelli would like to represent. The government asserts that the witness *did* discuss Wilson with Ciardelli, while Ciardelli says that the witness never mentioned Wilson to him in the course of their attorney-client relationship. We do not dispute Ciardelli's representation; however, whether the witness ever mentioned Wilson to Ciardelli is irrelevant to the question of whether a conflict of interests exists in this case. Ciardelli does not contest the government's assertion that while Ciardelli represented the witness, he told Ciardelli many details about his background, his criminal involvement and his relationship to some of the defendants in this case. While it is not the role of this Court to inquire into any particular confidences which have passed from client to attorney, we must determine whether such confidences *might* have been communicated. *See, e.g., United States v. Kitchin*, 592 F.2d 900, 904 (5th Cir.1979), *cert. denied*, 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979); *Hull v. Celanese Corp.*, 513 F.2d 568, 572 (2d Cir. 1975). In this case, it seems almost certain that the witness divulged various confidences to Ciardelli in their attorney-client relationship. Moreover, Ciardelli's access to privileged information may be conclusively presumed. *United States v. Provenzano*, 620 F.2d 985, 1005 (3d Cir.1980), *cert.*

*denied*, 449 U.S. 899, 101 S.Ct. 267, 66 L.Ed.2d 129 (1980).

A court has broad discretion in determining whether an attorney should be disqualified. *Schloetter v. Railoc of Indiana, Inc.*, 546 F.2d 706, 710 (7th Cir.1976). Moreover, in resolving this question, any doubt is to be resolved in favor of disqualification. *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir.1975). Disqualification need not be based on an attorney's improper acts, but may be premised on avoiding the appearance of impropriety and on preserving the highest ethical standards in the legal profession. *Schloetter v. Railoc of Indiana, Inc.*, 546 F.2d 706, 710 (7th Cir. 1976); *United States v. James*, 555 F.Supp. 794 (S.D.N.Y.1983), *aff'd*, 708 F.2d 40 (1983). With these principles in mind, we feel that Ciardelli must be disqualified from representing Wilson in this case.

Even if we assume that the witness never mentioned Wilson by name to Ciardelli, and if we assume further that Ciardelli is no longer serving as the attorney for the witness in his appeal efforts, an actual conflict of interests still exists. This conflict arises from the contrary interests of Ciardelli in cross-examining the witness effectively on Wilson's behalf and in maintaining the privileged confidences of the witness. *Ross v. Heyne*, 638 F.2d 979, 983 (7th Cir.1980); *United States v. Mavrick*, 601 F.2d 921, 931 (7th Cir.1979); *United States v. Martinez*, 630 F.2d 361 (5th Cir. 1980), *cert. denied*, 450 U.S. 922, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981).[3]

Wilson is to appear with his new attorney at a status hearing of this Court to be

**2.** As the government points out, withdrawal by Ciardelli from further representation of the witness does not eliminate any possible conflict. Ciardelli's obligation to preserve the confidences and secrets of the witness continues after their attorney-client relationship ends.

**3.** Ciardelli argues that Wilson is aware of this situation and is willing to waive his right to counsel unhindered by a conflict of interests. Although such a waiver is possible, *Holloway v. Arkansas*, 435 U.S. 475, 483 (n. 5), 98 S.Ct. 1173,

1178 (n. 5), 55 L.Ed.2d 426 (1978), a court may not always accept it. There is no absolute right to be represented by the counsel of one's choice, and the interest in preserving the confidentiality of attorney-client communications may outweigh a defendant's selection of a particular attorney. *United States v. Provenzano*, 620 F.2d 985 (3d Cir.1980), *cert. denied*, 449 U.S. 899, 101 S.Ct. 267, 66 L.Ed.2d 129 (1980); *United States v. Dolan*, 570 F.2d 1177 (3d Cir.1978).

held on November 1, 1983, at 10:00 a.m. It is so ordered.[4]

---

**4.** We are not unaware of the practical implications Ciardelli's disqualification will have on his practice. However, the broader interests of administration of justice supersede the economic consequences this order will, regrettably, incur as to Ciardelli.