**Roberta SWANSON, Plaintiff,**

v.

**WABASH, INC.; Kearney-National, Inc.; the Dyson-Kissner-Moran Corporation; K–N Holdings, Inc.; John Moran; Bushrod Burns, Jr.; Richard Donovan; William Boyd; Jack Hosler and E. Robert Thomas, Jr., Defendants.**

**No. 83 C 0459.**

United States District Court, N.D. Illinois, E.D.

April 25, 1984.

Kurt L. Schultz, Jerome Pope, Winston & Strawn, Marta C. Nomitch, Chicago, Ill., for plaintiff.

James Amend, Stanley Ferguson, Kirkland & Ellis, Scott E. Early, Moylan & Early, Michael W. Coffield, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Four of the individual defendants in this case, Richard Donovan, William Boyd, Jack Hosler and E. Robert Thomas, are represented by attorneys Michael Coffield ("Coffield") and Kevin Flynn ("Flynn") of the law firm Coffield, Ungaretti, Harris & Slavin ("CUHS"). Plaintiff Roberta Swanson ("Swanson") contends that the prior legal representation by some CUHS attorneys of Thomas Crawford ("Crawford"), a possible witness for Swanson, requires the disqualification of Coffield and Flynn from this action. Coffield and Flynn have petitioned this Court for a declaration of qualification, while Swanson has requested an order disqualifying the entire CUHS firm from representing the defendants. For the reasons set forth below, we believe that Coffield and Flynn need not be disqualified, so long as certain conditions set forth herein are satisfied. Accordingly, Coffield and Flynn's petition is conditionally granted, and Swanson's request is denied.

### A.

Swanson first argues that Crawford, who sold his shares of Wabash, Inc. stock in response to a tender offer by defendant Kearney-National, Inc., is a putative member of the plaintiff class in this case. Thus, Swanson contends, disqualification of CUHS is required to prevent Coffield and Flynn from undertaking litigation in which a former client of their firm is an adverse party. The short answer to this argument is that this lawsuit is not proceeding as a class action, so Crawford cannot possibly be a class member. This Court conditional-

ly granted Swanson's motion for class certification in a memorandum opinion and order dated December 16, 1983. *Swanson v. Wabash, Inc.*, 577 F.Supp. 1308, 1323 (N.D.Ill.1983). However, because Swanson failed to satisfy the condition for class certification—even after the Court granted her an extension of time to do so—the defendants' motion to deny class certification was granted on February 13, 1984. Thus, Swanson is now the sole plaintiff in this action, and Crawford is not a putative class member.

### B.

Even though Crawford is not a party to this lawsuit, Swanson contends that his possible participation as a non-party witness against the defendants necessitates the disqualification of CUHS. Disqualification would be based on Canons 4 and 9 of the ABA Code of Professional Responsibility, which require lawyers to preserve client confidences and avoid even the appearance of impropriety. Although we agree with Swanson that these Canons are not limited to instances in which a former client is an adverse party in later litigation, we disagree that disqualification is unavoidable in this case.

The Seventh Circuit Court of Appeals has continuously maintained that disqualification of counsel is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir.1983); *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir.1982). Disqualification is only one of several avenues available to a court in its attempt to insure that Canons 4 and 9 are not violated. *Freeman*, 689 F.2d at 721 (footnote omitted). The district court,

which has the primary responsibility for supervising the conduct of attorneys appearing before it, possesses broad discretion in determining whether disqualification is required in a particular case. *Schloetter v. Railoc of Indiana, Inc.*, 546 F.2d 706, 710 (7th Cir.1976); *United States v. Tocco*, 575 F.Supp. 100, 102 (N.D.Ill.1983).

In this case, the potential ethical problem stems from the fact that Coffield was at least tangentially involved in CUHS's prior representation of Crawford. Coffield and Flynn assert that Coffield had no direct involvement in the firm's representation of Crawford. Rather, they state that CUHS attorney David Carden ("Carden") was assigned primary responsibility for representing Crawford, under the supervision of CUHS partners Stephen Slavin ("Slavin") and Daniel Pope ("Pope"). They contend that Coffield had no more than a general awareness of Carden's activities on behalf of Crawford, gained in his (Coffield's) capacity as the firm's senior litigation partner.[1] Crawford, on the other hand, minimizes his relationship with Carden and emphasizes his contact with Coffield.[2] In his affidavit, Crawford avers that he met with Coffield in the fall of 1981, and that he revealed confidences to Coffield and the other CUHS attorneys with whom he met on different occasions. When the statements of all the parties are considered together, it appears that Crawford dealt primarily with Carden at CUHS, but also met once with Coffield—and Crawford may have revealed some confidences relevant to Swanson's suit in that meeting with Coffield. Assuming that Crawford did reveal some relevant confidences at that time, an ethical predicament would arise if and when Coffield is called upon to cross-examine Crawford on behalf of his present clients. It is this potential conflict of inter-

---

1. Coffield and Flynn actually make this contention through an affidavit filed by Carden, in which Carden describes the nature and extent of his representation of Crawford. As the petitioners filed this affidavit in support of their claim that Coffield was not directly involved in Crawford's case, the Court infers that the petitioners themselves are representing this statement to be true.

2. Swanson in her memorandum and Crawford in an affidavit both repeatedly refer to a "Michael Carden." We assume that they intend to refer to David Carden, and not Michael Coffield, in these instances.

est which Swanson argues requires CUHS's disqualification.

 Assuming that the CUHS lawyers who dealt with Crawford have refrained from disclosing Crawford's confidences, no conflict of interest is possible in this case if Crawford is cross-examined at trial only by non-CUHS attorneys. Coffield and Flynn have indicated that such an arrangement could easily be made. Their present clients are aware of Crawford's concerns, yet they all desire Coffield and Flynn to continue as their counsel. Moreover, several attorneys from firms other than CUHS represent other defendants in this action; these lawyers might conduct any cross-examination of Crawford if he is called as a witness. Thus, disqualification of Coffield and Flynn (and other partners and associates of CUHS) is unnecessary if the following conditions are met: (1) attorneys Coffield, Carden, Slavin and Pope file affidavits with this Court stating that they have not revealed any of Crawford's confidences; and (2) the four defendants represented by Coffield and Flynn file written waivers of any right they may possess to have Coffield and Flynn cross-examine Crawford should he testify at trial.[3] In addition, this Court hereby enters a protective order prohibiting the CUHS attorneys who dealt with Crawford from revealing to any of the other defendants' attorneys herein or to any other individual whomsoever any of Crawford's confidences in the future. Fulfillment of these conditions, coupled with the cross-examination of Crawford by non-CUHS lawyers, obviates the need for disqualifying any attorneys from this case.

Finally, we note that Swanson advised the Court in her motion for class certification that "Plaintiff's modest shareholdings would not warrant the prosecution of this litigation for an individual recovery." Because the Court has denied Swanson's motion for class certification, it seems appropriate that the parties consider alternative means, short of going to trial, of reconciling their differences. Accordingly, we hereby order the parties in this action to meet to discuss the possibility of settlement and to report to this Court the results of that meeting within thirty days.[4]

Coffield and Flynn's petition for a declaration of qualification is granted, subject to the conditions outlined above, and Swanson's request for a disqualification order is denied. It is so ordered.

---

**3.** Even in the criminal context, defendants may waive their right to the assistance of an attorney unhindered by a conflict of interest. *See, e.g., Holloway v. Arkansas,* 435 U.S. 475, 483 n. 5, 98 S.Ct. 1173, 1178 n. 5, 55 L.Ed.2d 426 (1978).

Both the affidavits and waivers are to be filed with this Court within thirty days.

**4.** Therefore, the status hearing set for May 4, 1984, is vacated and reset for May 25, 1984, at 10:30 a.m.