OPINION OF THE COURT
Julius A. Hellenbrand, J.
The District Attorney of Kings County moves for an order disqualifying the Legal Aid Society from representing defendant Lorenzo Harvey on the grounds that the Legal Aid Society represented the complaining witness and other People’s witnesses in prior unrelated criminal proceedings. The People’s witnesses have not joined in the action.
The court, after examining, in camera, the files submitted by the People and considering the People’s memorandum of *869 law and oral argument in favor of the motion and defense counsel’s argument in opposition, as well as defendant’s waiver in open court of his attorney’s right to utilize on cross-examination any material obtained by the Legal Aid Society during its representation of the People’s witnesses in prior criminal proceedings, denied the People’s motion with this opinion to follow.
Defendant Harvey is indicted for the crimes of robbery in the first degree, robbery in the second degree and criminal impersonation in the first degree (indictment No. 4678/85), and for the crimes of robbery in the second degree (two counts), criminal possession of stolen property in the third degree, grand larceny in the third degree, criminal impersonation in the first degree and criminal possession of a weapon in the fourth degree (indictment No. 3215/85).
A defendant’s right to counsel is guaranteed by the Federal Constitution (US Const 6th Amend), the New York State Constitution (NY Const, art I, § 6) and by statute (CPL 210.15 [2]). The right to counsel includes "a correlative right to representation that is free from conflicts of interest” (Wood v Georgia, 450 US 261, 271; United States v Agosto, 675 F2d 965, 969).
Initially, the court had to determine whether a conflict of interest exists or a potential conflict exists if a Legal Aid attorney represents a defendant, and a different Legal Aid attorney had or is representing a People’s witness.
In People v Lombardo (61 NY2d 97), the prosecution moved to disqualify privately retained defense counsel on the ground that he had personally previously represented, on various criminal charges, the People’s chief witness at Lombardo’s trial. The Court of Appeals found that there "was a potential conflict of interest” (61 NY2d, at p 102) and that the trial court erred in not ascertaining on the record whether defendant was aware of the potential conflict, its risks and whether he desired to knowingly waive it. (See, People v Hall, 46 NY2d 873, cert denied 444 US 848; People v Ayala, 86 Misc 2d 99; United States v Tocco, 575 F Supp 100, 102; People v Frisbie, 70 AD2d 1053; United States v Jeffers, 520 F2d 1256, cert denied 423 US 1066; Ann., 27 ALR3d 1431; cf. People v Tineo, 64 NY2d 531 [dissenting opn by Kaye, J., p 537].) It is clear that when a privately retained defense counsel has previously represented a People’s witness there is a potential conflict of interest.
*870 However, whether this conflict of interest exists when defendant is represented by a Legal Aid attorney and a different staff attorney from the Legal Aid Society has previously represented a prosecution witness in an unrelated case needs to be resolved.
In People v Wilkins (28 NY2d 53), the Legal Aid Society represented defendant at trial and appeal. During the appeal process Legal Aid discovered that at the time of defendant’s trial they had been assigned to represent, in an unrelated criminal matter, the complainant. Legal Aid, on its own motion, was relieved of its appeal assignment. Defendant then contended in a coram nobis motion that Legal Aid’s assignment to represent the complainant in the unrelated criminal matter created a per se conflict of interest at defendant’s trial. In affirming the denial of defendant’s motion, the Court of Appeals recognized that under the facts in Wilkins, a distinction exists between a private law firm and the Legal Aid Society. The court stated:
"While it is true that for the purpose of disqualification of counsel, knowledge of one member of a law firm will be imputed by inference to all members of that law firm (Laskey Bros. of W. Va. v. Warner Bros. Pictures, 224 F.2d 824), we do not believe the same rationale should apply to a large public-defense organization such as the Legal Aid Society. The premise upon which disqualification of law partners is based is that there is within the law partnership a free flow of information, so that knowledge of one member of the firm is knowledge to all.
"Even if we were to treat the Legal Aid Society to be analogous to a law partnership, there is no evidence that information concerning defendants being represented by the society flows freely within the office, or that there was actual knowledge of the dual representation by the society * * *
"In view of the nature of the organization and the scope of its activities, we cannot presume that complete and full flow of 'client’ information between staff attorneys exists, in order to impute knowledge to each staff attorney within the office” (People v Wilkins, supra, p 56).
The court in Wilkins also stated that: "We are not persuaded that the unknowing dual representation of both the complaining witness and the defendant does, in and of itself, deprive a defendant of effective representation of counsel” (People v Wilkins, supra, p 55).
*871 In People v Spencer (101 Misc 2d 259), the District Attorney moved to relieve the Legal Aid Society from representing defendant because they had previously represented, in unrelated criminal matters, the People’s witness at defendant’s trial. The court, although conceding that People v Wilkins (28 NY2d 53, supra) is "not exactly on point” (101 Misc 2d, at p 262), adopted the Wilkins holding that knowledge gained by one Legal Aid attorney will not be imputed to another staff attorney when the attorneys are unaware of the dual representation. The Spencer court denied, without prejudice to renew, the District Attorney’s application to relieve the Legal Aid Society of its assignment.
In Matter of Balter (63 NY2d 630), the majority upheld a Judge’s adjudication of criminal contempt against an Assistant Public Defender who refused to obey the Judge’s order to proceed to trial representing a defendant even though counsel claimed that the Public Defender’s office was also representing the prosecution’s principal witness in an unrelated matter. Judge Kaye, in a dissent in which former Chief Judge Cooke joined, found that counsel should not have been punished for refusing to "betray the interests of his clients” (63 NY2d, at 632). Judge Kaye saw the Trial Judge’s ruling as a denial of effective assistance of counsel to both the defendant and prosecution witness (63 NY2d, at p 632).
Judge Kaye, in her dissent in Balter (supra), did not cite People v Wilkins (28 NY2d 53, supra) which had been decided years prior.
In contrast, in People v McDonald (68 NY2d 1), a decision in which Judge Kaye concurred (decided after Balter), the Court of Appeals in a footnote (supra, p 11, n 4) reaffirmed its holding in People v Wilkins (28 NY2d 53, supra).
Other courts have also recognized that the Legal Aid Society is to be treated differently from a private law firm in these situations (i.e., United States v Judge, 625 F Supp 901 [US Dist Ct, Hawaii 1986]; People v Wilkerson, 123 Ill App 3d 527, 463 NE2d 139, 143; People v Robinson, 79 Ill 2d 147, 402 NE2d 157, 162; State v Johnson, 549 SW2d 348, 350-351 [Mo], citing People v Wilkins, 28 NY2d 53, supra).
Here, defendant Harvey’s Legal Aid lawyer had not represented the People’s witnesses nor had he perused Legal Aid’s case files. Furthermore, defense counsel had assured the court that he would not look at those files.
Moreover, none of the cases involving the People’s witnesses *872 were pending except possibly for one where the only thing remaining was sentencing.*
The court found that because of the unique organization of the Legal Aid Society, no conflict of interest existed because knowledge of one Legal Aid Attorney should not be imputed to other staff attorneys in that large public defense organization (People v Wilkins, 28 NY2d 53, supra).
However, even assuming, arguendo, that Judge Kaye is correct and a conflict of interest exists, the record indicates defendant waived such conflict.
In People v Macerola (47 NY2d 257) and People v Gomberg (38 NY2d 307), the Court of Appeals held that if there exists the possibility of a conflict of interest, the Trial Judge should conduct a preliminary inquiry as to whether the defendant is aware of a possible or actual conflict and its pitfalls and ascertain on the record whether defendant wants to proceed with his counsel notwithstanding the potential conflict. The Trial Judge must also ascertain whether defendant has knowingly, voluntarily and intelligently waived the potential or actual conflict (see also, People v McDonald, 68 NY2d 1, supra; United States v Armedo-Sarmiento, 524 F2d 591).
In People v Salcedo (68 NY2d 130, 135), the Court of Appeals stated that: "[t]he object of the inquiry is not to determine whether the defendant should be permitted to waive his right to conflict-free counsel. The decision whether to waive the right is for the defendant to make (People v Macerola, supra, p 263)”.
The Salcedo court continued: "The court’s role is simply to insure through adequate warnings that the defendant’s decision has been made with awareness of his rights and the potential risks” (68 NY2d, at p 135).
Therefore, unless there exists an "overriding competing public interest” (Matter of Abrams [John Anonymous], 62 NY2d 183, 196; People v Tineo, 64 NY2d 531 [dissenting opn by Kaye, J., p 538], supra), a defendant may waive the conflict if the court determines that the defendant is aware of the actual or potential conflict, its risks and has knowingly, voluntarily and intelligently waived it (United States v Agosto, 675 F2d 965, 975, supra; Ann., 18 ALR4th 360, § 26 [a], at 516-519).
The court found that defendant, on the record, knowingly, voluntarily and intelligently waived his Legal Aid attorney’s *873 right to utilize on cross-examination any material obtained by the Legal Aid Society during its representation of the People’s witnesses in prior criminal proceedings. The People also failed to show any "overriding competing public interest”.
For the foregoing reasons the court denied the People’s motion.

 The sentence date was scheduled for July 1986.