■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARSEEM KING, Appellant. [670 NYS2d 525] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered August 8, 1995, convicting him of murder in the second degree, attempted murder in the second degree, assault in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and crim-

inal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err in relieving the defendant's privately-retained counsel. A conflict of interest was created by that counsel's former representation of a prosecution witness on charges of hindering the prosecution of this very matter (*see, People v Hall,* 46 NY2d 873, *cert denied* 444 US 848; *People v Scotti,* 142 AD2d 616). Even if the defendant had waived the conflict, which the record indicates he would not do, there was no indication that the former client was willing to waive the attorney-client privilege. Consequently, cross-examination of that witness may have been thwarted if the defendant's attorney was not relieved, resulting in possible prejudice to the defendant.

Although the defendant had a constitutional right to be present during the proceeding to determine if his retained counsel had to be relieved because of the conflict of interest (*see, e.g., People v Morales,* 80 NY2d 450; *People v Dokes,* 79 NY2d 656; *People v Mullen,* 44 NY2d 1), that right was not violated here. At the beginning of proceedings on May 25, 1995, immediately following a notation in the record that the defendant was being brought up to the courtroom, the defense counsel made the trial court aware of the existence of the conflict of interest. Shortly thereafter, following approximately three pages of transcribed colloquy, the defendant was brought into the courtroom. He was thereafter present for, and participated in, the remainder of the inquiry, consisting of 24 pages of further colloquy, where the conflict which had been outlined in his absence was discussed in detail. Under these circumstances, the defendant's absence from the beginning of the hearing does not require reversal, as his presence at that time would not have affected the outcome (*see, People v Roman,* 88 NY2d 18). In addition, the record establishes that the defendant was given a meaningful opportunity to participate in the discussion once he was produced in court (*see, People v Hayes,* 221 AD2d 468).

Finally, a review of the record indicates that the defendant was provided with meaningful representation (*see, People v Baldi,* 54 NY2d 137). Pizzuto, J. P., Santucci, Joy and Friedmann, JJ., concur.