People v Curtis (2021 NY Slip Op 21334)

People v Curtis

2021 NY Slip Op 21334 [74 Misc 3d 1]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, February 9, 2022

[*1]

The People of the State of New York, Respondent,
v
Timothy Curtis, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, December 3, 2021

APPEARANCES OF COUNSEL

Alan Ross for appellant.
Melinda Katz, District Attorney (John M. Castellano, Johnnette Traill, Roni C. Piplani and Michelle M. Yong of counsel), for respondent.

{**74 Misc 3d at 2} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is affirmed.
Defendant was arraigned on December 12, 2015, on a misdemeanor accusatory instrument charging him with assault in the third degree (Penal Law § 120.00 [1]), criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and harassment in {**74 Misc 3d at 3}the second degree (Penal Law § 240.26 [1]), and Alan Ross, Esq., of The Legal Aid Society (LAS) was assigned to represent defendant.
Soon after jury selection, and before the presentation of trial evidence, the People learned for the first time that the complainant in this case had been represented by two other LAS [*2]attorneys in 1995 and 2005 on matters wholly unrelated to the current case. Defense counsel Virginia A. Conroy, Esq., of LAS disclaimed having known that the complainant had a history of arrests, having investigated the complainant using LAS's internal database, or having discussed the complainant's prior cases with either of these other LAS attorneys, both of whom continued to work at the Queens County office. The court granted, without prejudice, defendant's motion for a mistrial and ordered that the complainant's cases be unsealed as potentially exculpatory Brady material.
Subsequently, the People moved to, among other things, disqualify defense counsel due to the potential of a conflict of her duty of loyalty to the complainant who, from the record before us, did not waive such conflict (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.10 Comment [2]). Defendant opposed the motion. The Criminal Court (Douglas S. Wong, J.), in an order dated March 15, 2017, granted the branch of the People's motion seeking to disqualify defense counsel, noting, among other things, that no affidavit had been filed by defendant waiving any potential conflict.
A new attorney was assigned, pursuant to article 18-B of the County Law, as substitute counsel, and that attorney moved for leave to reargue defendant's opposition to the People's motion and, upon reargument, to deny the People's motion. The motion papers included an affirmation from defendant's original attorney, who stated that she had explained the situation to defendant upon receipt of the People's disqualification motion and that defendant "was emphatic that he wanted me to continue representing him." In an order dated September 12, 2017, the Criminal Court (Douglas S. Wong, J.), in effect, granted leave to reargue, and stated that defendant's claim could not be considered with the motion to reargue, citing CPLR 2221. The court, noting that, in any event, the allegation of waiver was irrelevant because LAS and Ms. Conroy owe an ethical duty to the complainant as well, adhered to its prior determination.{**74 Misc 3d at 4}
On February 16, 2018, defendant pleaded guilty before Judge Althea E. M. Drysdale to disorderly conduct and was sentenced to time served.
On appeal, defendant's sole contention is that the Criminal Court erred in disqualifying his LAS defense counsel. With regard to defendant's motion, denominated as seeking leave to reargue his opposition to the People's disqualification motion, the Criminal Court was correct, upon granting reargument, to adhere to its prior determination because defendant did not demonstrate that the court overlooked or misapprehended the facts or the law (see CPLR 2221 [d]). To the extent that the motion should be treated as one seeking leave to renew his opposition to the People's disqualification motion, defendant still did not submit an affidavit waiving any potential conflict. Even if such an affidavit had been submitted in compliance with CPLR 2221 (e) (3), the court did not err in deciding "to protect defendant's right to effective assistance of counsel in order to ensure a fair trial" (People v Terborg, 156 AD3d 1320, 1320 [2017]; see People v Carncross, 14 NY3d 319, 327 [2010] ["Where there is a question as to a possible conflict, although the court should not arbitrarily interfere with the attorney-client relationship, the court has a duty to protect the right of an accused to effective assistance of counsel"] [internal [*3]quotation marks omitted]).
A court's "determination to substitute or disqualify counsel falls within the trial court's discretion" (People v Watson, 26 NY3d 620, 624 [2016]), based upon a fact-specific analysis of the totality of the information before it (see id. at 622). Here, the discovery that LAS, which represented defendant, also had twice previously represented the complainant, who from this record did not waive any conflict (see People v King, 248 AD2d 639, 640 [1998] ["Even if the defendant had waived the conflict, . . . there was no indication that the former client was willing to waive the attorney-client privilege"]), supports the reasonableness of the Criminal Court's "better safe than sorry" approach of preempting even the possibility of a future conflict at trial (see Wheat v United States, 486 US 153, 162-163 [1988] ["a (lower) court must pass on the issue whether or not to allow a waiver of a conflict of interest by a criminal defendant not with the wisdom of hindsight after the trial has taken place, but in the murkier pretrial context when relationships between parties are seen through a glass, darkly"]).
Defendant's reliance upon People v Wilkins (28 NY2d 53, 56 [1971]) is misplaced. As in this case, defendant Wilkins was{**74 Misc 3d at 5} represented by an LAS attorney who was unaware that another LAS colleague had previously represented the complainant in an unrelated criminal matter. However, as the Watson Court explained, in Wilkins "the purported conflict was not discovered until after Wilkins's trial, and his counsel had no prior knowledge of the separate case involving charges against the complaining witness. Thus, the prior representation could not have affected the representation of Wilkins" (Watson, 26 NY3d at 626). In the case at bar, the conflict issue was discovered before the presentation of trial evidence and before the complainant could testify. A mistrial was declared thereby rendering the People's subsequent disqualification motion a pretrial motion. "Nothing in these cases suggests that where the potential conflict is discovered before trial . . . a court must not act to protect the rights of the defendant, the previously represented witness, and the integrity of the proceedings before it" (People v McLaughlin, 174 Misc 2d 181, 188 [Sup Ct, NY County 1997]).
Accordingly, the judgment of conviction is affirmed.

Weston, J. (dissenting and voting to reverse the judgment of conviction and dismiss the accusatory instrument in the following memorandum). Viewing the totality of the information before the court below, including defendant's desire to retain his Legal Aid Society (LAS) attorney and the attorney's assurances of having no knowledge of the complainant's arrest history and prior cases, I conclude that the trial court abused its discretion in disqualifying LAS and substituting new counsel. Accordingly, I respectfully dissent and vote to reverse the judgment of conviction and, under the circumstances presented, dismiss the accusatory instrument.[*4]
While courts must protect a defendant's right to effective assistance of counsel, they " 'should not arbitrarily interfere with the attorney-client relationship' " (People v Watson, 26 NY3d 620, 624 [2016], quoting People v Gomberg, 38 NY2d 307, 313 [1975]). Courts faced with a possible conflict must balance a defendant's constitutional right to the effective assistance of counsel and the defendant's right to be represented by counsel of the defendant's choosing (see People v Watson, 26 NY3d at 624). "[T]he presumption in favor of a client being represented by counsel of his or her choosing may be overcome by demonstration of an actual conflict or a serious potential conflict" (id. at 625).
In People v Watson (26 NY3d 620 [2016]), the Court of Appeals, in a factually specific context, held that the trial court{**74 Misc 3d at 6} properly exercised its discretion in substituting conflict counsel for the defendant after it learned that a possible witness to the case had been represented by the same public defense organization on charges relating to the same incident. The Court's decision pivoted on two key points: defense counsel's own assessment of the case and the potential for conflict, and the fact that the same public defense organization had previously represented another defendant in connection with charges arising from the same incident. Defense counsel advised the defendant that he could no longer serve as his attorney unless both he and the prosecution agreed to waive calling the other defendant as a witness. Defendant refused to do so and the other client had not waived confidentiality. Faced with this dilemma, the trial court relieved counsel, and the Court of Appeals upheld that decision.
Here, unlike Watson, LAS's representation of the complainant was remote in time and completely unrelated to defendant's case. Moreover, as an officer of the court intimately familiar with the case, defense counsel was in the best position to assess whether a serious potential conflict was likely to arise (see id. at 625). In this case, there was no such conflict. Defense counsel adamantly disclaimed knowledge of the complainant's prior cases, and I see no basis to question her candor. Moreover, LAS's prior representation of the complainant by two different attorneys more than 10 years earlier on completely unrelated cases was too remote in time and substance to create even an appearance of potential conflict. In these circumstances, there was no danger that the complainant's confidences would have been compromised at trial, and the presumption favoring counsel of one's choosing was not overcome (see People v Wilkins, 28 NY2d 53, 56 [1971]; compare People v King, 248 AD2d 639, 640 [1998] [court properly relieved defendant's privately retained counsel based on conflict of interest that arose from counsel's former representation of prosecution witness on charges relating to the same matter]). Since defendant has already completed his sentence and the order of protection imposed in this case has expired, I see no penological purpose in remanding this matter for a new trial (see People v Anderson, 66 Misc 3d 138[A], 2020 NY Slip Op 50091[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]).
Accordingly, I vote to reverse the judgment of conviction and dismiss the accusatory instrument.{**74 Misc 3d at 7}
Aliotta, P.J., and Elliot, J., concur; Weston, J., dissents in a separate memorandum.